JOURNAL ENTRY and OPINION
Plaintiff-appellant David G. Simmons (husband) appeals from the domestic relations court order dividing the marital property and his pension plan and obligating him to pay spousal support. We find no merit to the appeal and affirm.
The husband filed a complaint for divorce in August 2000, and the wife, Sherline Simmons, filed an answer requesting spousal support. A hearing was conducted before a magistrate on February 26 and March 26, 2001. The evidence presented was as follows:
The parties were married on September 7, 1988 and have no children. For the past three years, the wife has worked as a machine operator, earning $7.75 per hour, which is approximately $15,000 per year. She receives health insurance from her employer. At the time of the hearing, she was renting an apartment over a church for $250 per month. She had not been officially evicted, but the landlord told her that she must leave because of her ongoing arguments with the husband, who is an elder at the church.
The husband is a carpenter and earns $24.08 per hour. He is a member of the carpenter's union and admitted that the union sets his pay scale, which has never decreased. Since he works in construction, his employment is seasonal. During the time he is without work, he collects unemployment compensation. He earned $42,000 in 1999, which includes unemployment compensation.
Both parties testified to their respective monthly living expenses. The wife testified to a total of $1,300 in expenses and the husband testified he had a total of $1,825 in expenses.
There were allegations by both parties accusing each other of drug abuse. The husband stated that along with abusing drugs, the wife also engaged in prostitution during their marriage. The wife was indicted for attempted murder of the husband in 1996 for cutting his finger with a knife. She subsequently entered a plea to attempted felonious assault and was sentenced to ninety days in prison.
Based on the above evidence, the magistrate recommended dividing the husband's pension plan and the marital property. The magistrate also recommended that the husband pay spousal support in the amount of $612 per month for forty-two months or until either party's death or the wife's remarriage or cohabitation with an unrelated male under circumstances tantamount to marriage.
The husband filed objections to the magistrate's report, which the trial court overruled.
The husband now appeals and raises seven assignments of error.
 I. THE MAGISTRATE MAKES A DETERMINATION THAT THE DURATION OF THE MARRIAGE WAS A PERIOD FROM SEPTEMBER 7, 1998 (SIC) THROUGH FEBRUARY 26, 2001, THE DATE OF FINAL HEARING IN ERROR.
The husband contends that the magistrate erred in finding that the marriage terminated on February 26, 2001, which is the date of the divorce hearing. According to the husband, the marriage terminated in December 1999 when he claims the wife was incarcerated for two years for attempted murder.
"The decision to use the final hearing date as the valuation date or another alternative date pursuant to R.C. 3105.171(A)(2)(a) and (b) is discretionary and will not be reversed on appeal absent an abuse of discretion." Schneider v. Schneider (1996), 110 Ohio App.3d 487, 493. "An abuse of discretion connotes more than an error of law or judgment: it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Szymczak v. Szymczak (2000), 136 Ohio App.3d 706, 713, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. A trial court may use a de facto termination date when such a date would be equitable.Berish v. Berish (1982), 69 Ohio St.2d 318, 320. Otherwise, it is presumed the date of the final divorce hearing is the appropriate termination date of the marriage. Id.; Glick v. Glick (1999),133 Ohio App.3d 821, 828.
In the instant case, there was no evidence presented indicating that a date other than the hearing date was more equitable. Although the husband contends on appeal that the wife was incarcerated for two years for attempted murder commencing in December 1999, the record indicates that she pled guilty to attempted felonious assault in 1996 and was sentenced to ninety days incarceration. The December 1999 date was the date that the husband left the marital residence.
Based on the lack of evidence indicating that a different date is more equitable, we find no abuse of discretion in the court's selecting the hearing date as the termination date of the marriage.
The husband's first assignment of error is overruled.
 II. WHILE THE COURT HAS THE AUTHORITY TO MAKE A DETERMINATION OF AN "EQUITABLE DIVISION OF THE MARITAL ASSET", THE MAGISTRATE HAS IN ERROR MADE AN "INEQUITABLE DETERMINATION OF MARITAL PROPERTY" BEING AN EXCESS AWARD TO THE DEFENDANT, SHERLINE SIMMONS, OF AN INTEREST IN THE PLAINTIFF'S PENSION PLAN.
The husband contends that the magistrate's division of the marital property was inequitable.[1]
The wife testified, and the husband admitted, that he sold their bedroom set. She estimated the bedroom set was worth $1,000. The wife also stated that the husband took a $1,000 living room set from the marital home. Along with taking this property, she testified that the husband left a $400 telephone bill when he vacated the residence. The magistrate found that the property that the wife retained in the marital home adequately compensated her for the property taken by the husband and the $400 telephone bill.
Although the husband complains that this division was inequitable because there was no proof beyond the wife's testimony regarding the $400 bill and the value of the property, he presented no evidence rebutting these values. In fact, neither he nor his attorney were present at the hearing during the wife's direct testimony. The hearing was conducted over two days, but neither the husband nor his attorney attended on the second day and, therefore, lost their opportunity to cross-examine the wife regarding these issues.
 A trial court has considerable discretion when dividing marital assets. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180. A trial court's decision regarding the division of marital property will be upheld absent an abuse of discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128; Martin v. Martin (1985), 18 Ohio St.3d 292. No abuse of discretion has occurred if it is apparent from the trial court's record that its decision is supported by some competent, credible evidence. Ross v. Ross (1980), 64 Ohio St.2d 203; Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401.
A review of the record indicates there was sufficient evidence presented to support the trial court's division of marital property.
The husband's second assignment of error is overruled.
 III. THE MAGISTRATE FOUND IN ERROR THAT NO EVIDENCE WAS PRESENTED TO ESTABLISH THAT AN EQUAL DIVISION OF MARITAL PROPERTY WOULD BE INEQUITABLE.
The husband contends that the wife was not entitled to an equal division of marital property because she engaged in criminal activity during their marriage.
As stated above, the trial court has broad discretion in determining the division of marital property. Hoyt v. Hoyt, supra. Because the evidence indicated that both parties were engaged in illegal activities during the marriage, the trial court did not err in declining to consider this as a factor in determining the division of the marital property.
The husband's third assignment of error is overruled.
 IV. THE MAGISTRATE HAS IN ERROR MADE AN AWARD OF SPOUSAL SUPPORT TO THE DEFENDANT AND DETERMINES (SIC) IN ERROR THAT THE ASSAULTS AND DRUG USE "SHOULD NOT BE A FACTOR IN THE DETERMINATION OF SPOUSAL SUPPORT."
The husband argues that the wife is not entitled to spousal support because she engaged in criminal activity during the marriage and because she failed to file a counterclaim requesting spousal support.
Since the evidence indicated that both parties engaged in illegal activity during the marriage, the magistrate properly concluded that this should not be a factor in determining spousal support.
Although the wife did not file a counterclaim, she did request spousal support in her answer and at the hearing. The statute cited by the husband, R.C. 3105.17, was amended in 1994 and does not require that a counterclaim be filed in order to receive spousal support. The statute governing the award of spousal support, R.C. 3105.18, merely requires that either party "request" the spousal support. The statute provides, in pertinent part:
 (B) In divorce and legal separation proceedings, upon the request of either party * * * the court may award reasonable spousal support to either party * * *.
Because the wife requested the support, the trial court did not err granting spousal support.
The husband's fourth assignment of error is overruled.
 V. THE MAGISTRATE HAS DETERMINED IN ERROR THAT: "HIS PAY RATE, WHICH IS DETERMINED BY THE UNION, HAS INCREASED STEADILY OVER THE YEARS, PERIODIC INCREASES CAN BE EXPECTED TO CONTINUE.
The husband contends that the magistrate erred in finding that his income could be expected to continue, because the testimony indicated that he was a seasonal employee who did not work a full year.
A review of the magistrate's order indicates that it did consider the fact that the husband's work is seasonal. The magistrate also found, however, that during the time the husband does not work due to the seasonal nature of his job, he receives unemployment compensation. The husband admitted that the union determines his pay scale and that such pay has never decreased. The magistrate's findings are well supported by the record.
The husband's fifth assignment of error is overruled.
 VI. THE MAGISTRATE IS IN ERROR WHEN SHE FOUND THAT EACH PARTY HAS CONTRIBUTED EQUALLY TO THE PRODUCTION OF MARITAL INCOME.
Because the wife was in jail for two years, the husband contends that the magistrate erred in finding that the wife contributed equally to the production of marital income.
The record contains no evidence that the wife served two years in jail. She pled guilty in 1996 to attempted felonious assault and was sentenced to ninety days in prison. The fact that she spent ninety days in prison does not preclude a finding that she contributed equally to the production of marital income during the twelve-year marriage.
The sixth assignment of error is overruled.
 VII. THE MAGISTRATE IS IN ERROR IN DETERMINING THAT THERE WAS ANY NEED RELATIVE TO AN AWARD OF SPOUSAL SUPPORT TO DEFENDANT.
The husband contends that the magistrate used speculative evidence in determining the wife's need for spousal support because there was no testimony that the wife had secured a new residence or that her rental cost would increase to $500.
A trial court has considerable latitude when determining the amount of spousal support to award in a divorce proceeding. Bolinger v. Bolinger
(1990), 49 Ohio St.3d 120, 122, 157. Therefore, an appellate court will not reverse a trial court's determination regarding spousal support unless the appellate court finds, under the totality of the circumstances, that the trial court abused its discretion. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67.
The wife testified that she must vacate the apartment over the church where she currently resides because the husband is an elder in that church. She stated that she had looked at several apartments and that she anticipated that her rent would be at least $500 per month. Therefore, there was evidence to support the trial court's finding that she would have rental expenses of at least $500. Because neither the husband nor his attorney attended the second day of the hearing, the husband lost his opportunity to cross-examine the wife on this issue.
Furthermore, the record reveals that the trial court did not base its entire decision to award support solely on the rental expense. The trial court derives its authority to award spousal support from R.C. 3105.18, which sets forth numerous factors the court must consider when determining spousal support. Among those factors are the respective earning abilities of the parties, the relative assets and liabilities of the parties, the standard of living enjoyed by the parties, the ages and the physical, mental, and emotional conditions of the parties, the retirement benefits of the parties, the duration of the marriage, and the relative extent of education of the parties.
The record in this case clearly reveals that the trial court examined the factors in R.C. 3105.18(C)(1) and made findings accordingly.
Given the strict standards which govern our review of the trial court's judgment in awarding spousal support, we cannot say that the trial court abused its discretion in making the award.
The seventh assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and ANN DYKE, J. CONCUR
[1] Although the caption of the assignment of error mentions the inequitable division of the husband's pension plan, he fails to develop this argument in his brief or during oral argument.