Court of Appeals for Licking County.

PERRY FEAZEL v. JACOB FEAZEL.

Decided, October Term, 1915.

*Res Adjudicata—Conclusiveness of a Former Judgment—Not Only as to What Was Determined—But as to Matters Which Might Have Been Litigated in the Same Action.*

Where testimony as to the claim now in suit was offered and went to the jury in a former trial, in which the present plaintiff was defendant and the present defendant was plaintiff, a reviewing court must assume there was a determination as to that claimed and the principle of *res adjudicata* applies, notwithstanding the answer in the former suit was a general denial and no affirmative relief was sought and no claim presented with reference to the account on which recovery is sought in the case at bar.

*Kibler & Kibler,* for plaintiff in error.
*Fitzgibbon, Montgomery & Black,* contra.

HOUCK, J.

This is a proceeding in error prosecuted from the Common Pleas Court of Licking County, Ohio; the parties stand here in the same position as in the court below.

The cause was submitted to the common pleas court upon the question made by the pleadings in the case as to whether or not the plaintiff is estopped, and whether the claim in the petition is *res adjudicata* by reason of the allegations and matter set forth in the answer of the defendant. Said cause being submitted to the common pleas court upon the following stipulation and agreement between the parties hereto:

"That the question of *res adjudicata* and of estoppel shall be submitted to the court upon the pleadings in the case of *Jacob Feazel* v. *Perry Feazel,* heretofore tried in the Court of Common Pleas of Delaware County, Ohio, being case No. 6821, the pleadings in this case and the bill of exceptions in said Delaware county case."

The common pleas court rendered a judgment in favor of the defendant, and a reversal of this judgment is sought by plaintiff in error.

The plaintiff brought suit in the common pleas court against the defendant asking for a judgment against him in the sum of $1,061.25, alleged to be due him for board and lodging, etc., furnished by plaintiff to the defendant between August 17, 1910, and July 10, 1912, being the time defendant lived in the home of plaintiff in Delaware county, Ohio.

An answer was filed to the petition pleading, among other things, the defense of estoppel and *res adjudicata* in this, to-wit: that all of the matters, things and questions involved in said suit had been fully tried, determined and adjudicated between the parties hereto in a suit which was tried in the Common Pleas Court of Delaware County, Ohio, on the 17th day of October, 1915, and a final judgment rendered therein.

Two questions are presented in this case:

First. Is the cause of action set forth in the petition in this case in any way connected with the case tried in Delaware county

wherein Jacob Feazel was plaintiff and Perry Feazel was defendant?

Second. Was the cause of action in plaintiff's petition in this case submitted to and passed upon by the jury in the Delaware county case, notwithstanding the charge of the court in said case?

The stipulation and agreement upon which this cause is submitted, among other things, provides that the bill of exceptions in the Delaware county case shall be considered by the court. We have examined the same with some care, with a view of ascertaining the facts that were presented in that case that would be applicable and proper in the determination of the questions involved in this case and especially with reference to the charge of the court.

The bill of exceptions discloses that practically all of the items set out in the petition in the case at bar were charges made within the time that the defendant lived in the home of the plaintiff and, speaking from the record, they were submitted to the jury in the trial of the case, and it is not within the province of a reviewing court to say they were not considered by the jury in arriving at its verdict. The record shows that the plaintiff had no contract of any kind with his father for care, support, board, etc., and therefore the charge of the court was proper and right when the court charged the jury: "There is no claim made in the answer for any compensation for board or anything else." This was a correct and proper instruction to give to the jury in the light of the testimony of the plaintiff himself.

We think it is a well settled principle of law in this state that when a matter has been finally determined in an action between the same parties by a competent and proper tribunal, the judgment is conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case.

True, the answer in the Delaware county case was a general denial and no affirmative relief was sought, and no claim presented therein with reference to the items set out in the petition in the case at bar, but evidence was offered in the trial of the

case upon these items which went to the jury and, so far as a reviewing court is concerned, the jury took these items into consideration in arriving at its verdict.

Our Supreme Court has declared, as a well settled principle of law, that when the facts which constitute the cause of action or defense have been, between the same parties, submitted to the consideration of the court and passed upon by the court, they can not again be the proper subjects for action or defense, unless the finding and judgment of the court is opened up and set aside by proper authority. This principle of law extends still further in quieting litigation. A party can not relitigate matters which he might have interposed, but failed to do in a prior action between the same parties or their privies in reference to the same subject-matter, and if he fails to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so.

Relying upon the record in the Delaware county case and pleadings submitted, and applying thereto the well known principles of law applicable to the questions presented in the case at bar, a majority of the court is of the opinion that the judgment of the common pleas court is right and should be affirmed.

SHIELDS, J., concurs; POWELL, J., dissents.