SZYMCZAK, Appellee,

v.

SZYMCZAK, Appellant.

[Cite as *Szymczak v. Szymczak* (2000), 136 Ohio App.3d 706.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75586.

Decided Feb. 14, 2000.

708

*Stafford & Stafford Co., L.P.A.,* and *John J. Dyer III,* for appellee.

*David B. Shillman, Co., L.P.A.,* and *David B. Shillman,* for appellant.

JAMES M. PORTER, Administrative Judge.

Defendant-appellant John D. Szymczak appeals from the trial court's order holding him in contempt for failure to pay spousal support to his ex-wife, plaintiff-appellee Arlene A. Szymczak, and denying his motions for modification of spousal support. He also appeals awards of attorney fees to his wife arising out of such motion practice. We find no error and affirm.

The parties were divorced on October 29, 1993. The decree ordered payment of permanent spousal support in the amount of $5,000 per month, plus mortgage amortization payments of approximately $1,500 per month and other sums. The trial court expressly reserved jurisdiction to modify spousal support.

On December 20, 1993, plaintiff filed a motion to show cause asserting that defendant failed to pay spousal support, failed to pay property division obligations, and failed to pay the mortgage on the previous marital home pursuant to the divorce decree.

On January 13, 1994, defendant filed a motion to modify spousal support. Service of said motion was made upon counsel for plaintiff, but not plaintiff.

This case was initially set for hearing March 24, 1994, before a magistrate. However, the magistrate decided that the court should take no action at that time due to defendant's pending bankruptcy.

Almost two years later, on January 26, 1996, this case came on for hearing before the magistrate. At the hearing, plaintiff's counsel immediately made an oral motion to dismiss defendant's motion to modify pursuant to Civ.R. 4(E), by

reason of failure of service. At the conclusion of argument on all preliminary motions, the magistrate granted plaintiff's motion to dismiss. The magistrate found that the court lacked jurisdiction due to defendant's failure to obtain service.

In the magistrate's decision with findings of fact and conclusions of law filed on October 28, 1996, the magistrate found that defendant failed to comply with any of the court orders and that defendant had "not presented a reasonable, credible or persuasive defense to his failure to pay any sums whatsoever in this matter." The magistrate then found defendant in contempt and liable for a spousal support arrearage of $163,000, a marital mortgage arrearage of $39,600 and a temporary support arrearage of $38,350. The magistrate further determined that the defendant could purge his contempt by paying $75,000 within thirty days of journalization, in addition to current support.

In addition, the magistrate ordered the defendant to post a cash bond in the amount of $10,000 within ninety days of journalization; to pay current spousal support at the rate of $5,000 per month, plus $1,000 per month toward the arrearage; and to pay an additional $18,000 in attorney fees as and for additional spousal support.

On May 24, 1997, defendant filed his objections to the magistrate's decision. Subsequently, on October 26, 1998, based on defendant's objections, the trial court modified the magistrate's recommended orders by (1) reducing the cash payment to purge defendant's contempt from $75,000 to $50,000, (2) increasing the time period for that payment from thirty to sixty days, (3) increasing the time for posting of the cash bond from ninety to one hundred twenty days, (4) reducing the attorney fees payable by defendant from $18,000 to $16,000, rendering judgment for that amount, and deferring execution thereon for a period of ninety days.

We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.

"I. Dismissal of defendant's motion to modify spousal support for failure of service is contrary to law and constitutes an abuse of discretion."

The trial court found that defendant's motion to modify spousal support was not served upon his ex-wife but only on plaintiff's counsel. This raises a jurisdictional defect.

Civ.R. 75 states in pertinent part the following:

"(A) Applicability. The rules of Civil Procedure shall apply in actions for divorce, annulment, legal separation, and related proceedings, with the modifications or exceptions set forth in this rule.

" * * *

"(I) Continuing Jurisdiction. The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ.R. 26 to 37 shall apply."

 In order to effectively invoke the continuing jurisdiction of the trial court on the modification of spousal support, service in accordance with Civ.R. 75(I) is required. *Hansen v. Hansen* (1985), 21 Ohio App.3d 216, 21 OBR 231, 486 N.E.2d 1252, paragraph one of the syllabus. However, it is well established that service on a party's attorney, but not the party, is inadequate to invoke the trial court's continuing jurisdiction under Civ.R. 75(I). *Hansen, supra; Davis v. Davis* (Mar. 12, 1992), Cuyahoga App. No. 61832, unreported, 1992 WL 47299; *Cunard v. Cunard* (Dec. 17, 1992), Cuyahoga App. No. 63634, unreported, 1992 WL 390205; *Martino v. Martino* (Apr. 24, 1981), Union App. No. 14–80–15, unreported, 1981 WL 6834. In *Davis,* this court held as follows:

" 'It is clear from the language of the rule that in order to invoke the continuing jurisdiction of the court, service must be made as provided by Civ.R. 4 through 4.6. Under Civ.R. 4, the defendant must be served. In the present case, plaintiff did not serve the defendant, but served notice of his motion on the defendant's attorney. Further, the defendant timely objected to the lack of personal jurisdiction. Thus, the lower court had no continuing jurisdiction which was properly invoked.' " Quoting *Hansen, supra.*

 It is clear from the above authorities that in order to invoke the continuing jurisdiction of the trial court, service must be made in accordance with Civ.R. 75(I). Under Civ.R. 4, plaintiff must be served. In the instant case, defendant filed his motion to modify spousal support on January 13, 1994. However, defendant did not serve the plaintiff but served notice of his motion to modify on the plaintiff's attorney. Because plaintiff timely objected to this lack of personal jurisdiction, the trial court had no continuing jurisdiction which was properly invoked.

Defendant asserts that his motion to modify spousal support should have been treated as a motion for relief from judgment under Civ.R. 60(B). Defendant asserts that the service requirements of Civ .R. 4 to 4.6 are inapplicable to a Civ.R. 60(B) motion and such a motion may be properly served on counsel under Civ.R. 5.

Civ.R. 75(I) provides that the continuing jurisdiction of the court shall be invoked by motion filed in the original action and notice of such shall be served in accordance with Civ.R. 4 to 4.6. Civ.R. 75(I) is used to seek a change in a domestic relations order on the ground that circumstances have changed since the original order was entered. *McKinnon v. McKinnon* (1983), 9 Ohio App.3d 220, 221, 9 OBR 370, 371–372, 459 N.E.2d 590, 592. On the other hand, Civ.R. 60(B) involves a procedure for granting relief from a judgment not otherwise modifiable. *Id.* This rule does not speak to the amendment of a final judgment but to the vacation of that judgment. Therefore, the choice of which rule applies depends on the particular reasons for the motion. Where a change of circumstances justifies a different result, the court may modify a decree when its continuing jurisdiction is properly invoked pursuant to Civ.R. 75(I). A Civ.R. 60(B) motion would be used in the event of inadvertence, mistake, newly discovered evidence, fraud, or neglect which existed at the time of the original judgment.

The record reflects that on January 13, 1994, defendant filed a motion to modify spousal support requesting an "order modifying the spousal support payable under its Judgment entered October 29, 1993." Defendant asserted that "material changes of circumstances" have taken place since the date of that judgment. It is clear from this motion that defendant sought a change in the spousal support order on the ground that circumstances had changed since the original order was entered. Nowhere does this motion allege inadvertence, mistake, fraud, or neglect at the time of the original judgment to justify its treatment as a motion for relief from judgment. Therefore, we find that defendant's motion was a motion to modify spousal support and he failed to satisfy the requirements of Civ.R. 75(I) in order to invoke the continuing jurisdiction of the trial court.

Defendant further asserts that the plaintiff waived any objection to jurisdiction in this case. Defendant relies on *Carson v. Carson* (1989), 62 Ohio App.3d 670, 577 N.E.2d 391 in support of this assertion. In *Carson*, the court held that the husband's service of his motion to modify on his wife's' attorney, not his wife, failed to satisfy the requirements of Civ.R. 75(I). However, the court held that at no time did she object to the court's jurisdiction because of lack of service, and therefore, she waived any objection to the court's exercise of continuing jurisdiction. *Id.* at 673, 577 N.E.2d at 393.

In the instant case, the record reflects that at the January 26, 1996 hearing, plaintiff immediately objected to the lack of service. Plaintiff then made a motion to dismiss defendant's motion to modify and the trial court dismissed defendant's motion accordingly. We find that plaintiff properly and timely objected to the

lack of service and the trial court did not err in dismissing defendant's motion to modify.

Assignment of Error I is overruled.

"II. The trial court's order that defendant pay $50,000 in order to purge his contempt, within sixty (60) days of journalization, in addition to current spousal support, is an abuse of discretion."

■ In his second assignment of error, defendant asserts that the trial court's $50,000 purge order was unreasonable and impossible for him to perform and, therefore, the trial court abused its discretion in so ordering.

■ A reviewing court will not reverse a trial court's decision in a contempt proceeding absent an abuse of discretion. *Jacobson v. Starkoff* (June 6, 1996), Cuyahoga App. No. 69122, unreported, 1996 WL 303789, citing *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, 1364–1365. An abuse of discretion connotes more than an error of law or judgment: it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141.

■ Failure to pay court-ordered spousal support is civil contempt. See *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 139–140, 15 OBR 285, 287–288, 472 N.E.2d 1085, 1087–1089; *Marden v. Marden* (1996), 108 Ohio App.3d 568, 570, 671 N.E.2d 331, 332; *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 252, 10 OBR 364, 365–366, 461 N.E.2d 1337, 1339. Civil contempt sanctions are designed to coerce compliance with the underlying order or to compensate the complainant for loss sustained by the contemnor's disobedience. *Boggs v. Boggs* (1997), 118 Ohio App.3d 293, 299, 692 N.E.2d 674, 678, citing *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253–254, 18 O.O.3d 446, 448–449, 416 N.E.2d 610, 613–614. One who is found to be in civil contempt must be allowed the opportunity to purge himself of contempt. *Carroll v. Detty* (1996), 113 Ohio App.3d 708, 712, 681 N.E.2d 1383, 1385, citing *In re Purola* (1991), 73 Ohio App.3d 306, 596 N.E.2d 1140; *Fasano v. Fasano* (May 6, 1999), Cuyahoga App. No. 74040, unreported, 1999 WL 285382. However, a trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible. *Burchett v. Miller* (1997), 123 Ohio App.3d 550, 552, 704 N.E.2d 636, 637–638; *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 334, 16 OBR 377, 382–383, 475 N.E.2d 1284, 1290–1291.

In the magistrate's decision with findings of fact and conclusions of law filed October 28, 1996, the magistrate found that defendant had a total support arrearage of $241,450 and held him in contempt of court for nonpayment of this

amount. The magistrate then gave defendant the opportunity to purge this contempt by paying $75,000 within thirty days of journalization of the order. However, on October 26, 1998, the trial court sustained defendant's objections to the magistrate's decision and modified the decision by reducing the purge amount to $50,000 within sixty days.

We find that defendant has failed to present sufficient evidence to establish that the trial court's purge conditions were unreasonable and impossible for him to satisfy. Our review of the record indicates that prior to the divorce in 1993, defendant was earning approximately $12,500 per month in salary from his corporation. His 1993 W–2 form indicated that he earned $137,508 from the corporation. At the time of the divorce, the gross receipts of the corporation were approximately $950,000 per year. The record further indicates that even though defendant sold the assets of this corporation in 1994, he failed to make any of his support payments to the plaintiff during that year. Accordingly, it was not unreasonable, arbitrary, or unconscionable for the trial court to order defendant to pay $50,000 within sixty days in order to purge his contempt.

Assignment of Error II is overruled.

"III. The trial court erred to the prejudice of the defendant in awarding attorney fees to plaintiff as sanctions for defendant's misconduct.

"IV. The trial court erred to the prejudice of the defendant in awarding attorney fees to plaintiff as additional spousal support."

In his third and fourth assignments of error, defendant asserts that the trial court erred in awarding attorney fees to plaintiff. We disagree.

It is well established that a trial court's decision to award attorney's fees will not be disturbed on appeal absent a clear abuse of discretion. *Goode v. Goode* (1991), 70 Ohio App.3d 125, 134, 590 N.E.2d 439, 444–445; *Birath v. Birath* (1988), 53 Ohio App.3d 31, 558 N.E.2d 63. As stated above, the term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore, supra.*

R.C. 3105.18(G) states:

"* * * If any person required to pay alimony under an order made or modified by a court on or after December 1, 1986, and before January 1, 1991, or any person required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall

require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt."

The magistrate's decision reflects that plaintiff requested attorney fees in the amount of $24,295.85 for the prosecution of her motions to show cause. She also admitted an itemization of said legal services into evidence. The magistrate, in making her award of attorney fees, considered that defendant failed to cooperate in discovery, that plaintiff's attorney were experienced attorneys whose $200/hour billing rate was commensurate with customary fees in the locality, and that defendant's failure to comply with the prior support orders required plaintiff to incur attorney fees to enforce such order. After considering these factors, the magistrate found:

"In determining the amount of reasonable attorney's fees for this case, consideration was given as to whether all of the legal services rendered were necessary and whether under the facts of this case the amount of time expended on such services was fully compensable.

"Upon consideration of the relative financial position and earnings abilities of the parties the Magistrate finds that Defendant should pay $18,000.00 toward Plaintiff's attorney fees as and for additional spousal support."

The trial court subsequently adopted the magistrate's award and reduced the attorney fees award to $16,000.

The trial court did not abuse its discretion in this award. The magistrate found defendant in contempt of court for failure to pay his spousal support obligations. Therefore, under R.C. 3105.18(G), plaintiff was entitled to all reasonable attorney fees which arose in relation to defendant's failure to satisfy his support obligations. We find that the trial court's award of attorney fees was not unreasonable, arbitrary, or unconscionable, and, therefore, we find no abuse of discretion.

Assignment of Error III is overruled.

"V. The trial court's order that defendant post a cash bond in the amount of $10,000 within 120 days after journalization is unreasonable and unlawful."

In his fifth assignment of error, defendant asserts that the trial court's order that he post a $10,000 cash bond was unreasonable and unlawful. This assertion also fails.

R.C. 3113.21(D)(6) provides:

"The court may issue an order requiring the obligor to enter into a cash bond with the court. The court shall issue the order as part of the support order or, if the support order previously has been issued, as a separate order. Any cash bond so required shall be in a sum fixed by the court at not less than five

hundred nor more than ten thousand dollars, conditioned that the obligor will make payment as previously ordered and will pay any arrearages under the prior support order that pertained to the same child or spouse. \* \* \*

"The court shall not order an obligor to post a cash bond under this division unless the court determines that the obligor has the ability to do so. \* \* \*"

R.C. 3113.21(D) gives the trial court several alternative orders which can be issued to facilitate the payment of spousal support and arrearages. Subsections (1) through (5) describe orders for withholding the obligor's income from several sources, including his employer and his accounts at financial institutions.

In the instant case, the record reflects that defendant is self-employed and owns his own company, which makes the withholding from his employer impossible. The magistrate also found that during the pendency of this action, defendant was reluctant to provide the court with financial documentation regarding himself and his corporations. Due to his self-employed status and his failure to provide the magistrate with the appropriate financial records, the only approach for the trial court to take in order to secure payment of defendant's support and arrearages was to order him to post a cash bond.

We find that there was sufficient evidence in the record of defendant's ability to post the bond. Furthermore, we also find that given the fact that defendant was found to be $241,450 in support arrears, the trial court's $10,000 cash bond order was not unreasonable or unlawful.

Assignment of Error V is overruled.

"VI. The trial court's order that defendant pay $1,000.00 per month toward spousal support arrearage, in addition to current spousal support, is unreasonable and unlawful."

 In his last assignment of error, defendant again asserts that he is unable to pay the additional $1,000 per month toward his spousal support arrearage and, therefore, the trial court's order was unreasonable and unlawful. We disagree.

The magistrate found defendant in contempt for failure to pay spousal support and further found him liable for a support arrearage of $241,450. We find that it was within the discretion of the trial court to order defendant to pay $1,000 per month, in addition to current spousal support, toward this arrearage.

Defendant maintains that he does not have the financial resources to satisfy his current spousal support obligations let alone the $10,000 cash bond and the additional $1,000 toward his arrearage. However, defendant has failed to provide the trial court with sufficient documentation to establish his inability to pay these

court-ordered obligations. Defendant has also failed to present a reasonable, credible, or persuasive defense for his failure to pay.

Assignment of Error VI is overruled.

*Judgment affirmed.*

TIMOTHY E. MCMONAGLE, J., concurs.

MICHAEL J. CORRIGAN, J., dissents.

MICHAEL J. CORRIGAN, Judge, dissenting.

I respectfully disagree with the majority and would sustain the appellant's assignments of error. I believe that the trial court's dismissal of the defendant-appellant's motion to modify spousal support for failure of service is contrary to law and constitutes an abuse of discretion.

I generally have no fault with the recitation of facts that are set forth in the majority opinion. I do believe, however, that the facts in this case warrant following *Carson v. Carson* (1989), 62 Ohio App.3d 670, 673, 577 N.E.2d 391, 393, this case held that an objection to service invoking continuing jurisdiction must be timely made. In this case, the appellant filed its motion to modify spousal support on January 13, 1994. At the time of this filing, the appellee had a pending motion to show cause which had been filed on December 20, 1993. It is clear that the appellant did not properly serve the appellee but did serve her attorney.

The magistrate recommended dismissing the appellant's motion to modify spousal support. The appellant filed objections to the report and the appellee filed its brief in opposition. It is interesting to note that the magistrate addressed the issue of service in her decision dated October 29, 1996, where she found:

"The magistrate finds that service upon said motions was duly and properly made; that notice containing the date and time of this proceeding was mailed to counsel of record* * *."

The trial court sustained the objections to the report and reinstated the appellant's motion. On January 26, 1996, more than two years after the original filing of the motion to modify, the appellee for the first time filed a motion to dismiss alleging ineffective service. It seems to me that the appellee in this case had a duty to make her objection in a timely fashion. Having failed to do so, I believe that in this case, based upon its unique facts, coupled with the fact that the court's jurisdiction had been invoked for matters intricately intertwined with

the appellant's motion, the appellee was barred from raising the service issue on the day of the scheduled hearing.

The majority attempts to distinguish the holding in *Carson* from the facts of the present case by stating in the majority opinion on no less than three occasions that the appellee "timely" objected to the failure of the appellant to personally serve her with his motion to modify spousal support. I completely fail to understand how the majority can characterize an objection made two years after alleged improper service as "timely made," especially given the innumerable opportunities the appellee had to object earlier in the proceedings. The majority opinion also ignores the reasoning in *Carson* that by himself invoking the continuing jurisdiction of the court, a party waives any objection to that court's jurisdiction.

The trial court did not permit the appellant to attempt to show that there had been a "substantial change of circumstance" rendering the original order unreasonable. Had the trial court resolved the motion on its merits and failed to find a "substantial change in circumstance," then I would agree with remaining rulings of the trial court and overrule assignments of error II through VI.

It is a well-recognized rule in Ohio that a party cannot be permitted to occupy inconsistent positions or to take a position in regard to a matter which is contrary to one previously assumed by him. A person who voluntarily submits to the exercise of jurisdiction by a court upon a matter which it has the power to take cognizance is estopped from subsequently objecting thereto. A party who consents that a court shall enter judgment and accepts benefits thereunder cannot be heard to object to the court's power to render such judgment. See, generally, 22 Ohio Jurisprudence 3d (1983, Supp.1997), Estoppel and Waiver, Sections 56–62. Ohio has long recognized the principle of estoppel where one party with knowledge of the facts has stood by without asserting his rights or asserting an objection while others have incurred large expenditures or detriment by reason of such silence. This principle is recognized in the legal maxim, "if one is silent when he should speak, justice will compel him to silence when he would speak."

In the instant case, the appellee voluntarily submitted to the continuing jurisdiction of the trial court on numerous occasions but then objected to the manner in which the appellant had invoked such jurisdiction two years after the fact. The trial court, as well, repeatedly acted in a manner consistent with the appellant's belief that the court's continuing jurisdiction had been properly invoked. The mistake in the method of service of the appellant's motion to modify spousal support could have been easily remedied if the appellee had timely raised the matter for consideration by the trial court.

·A waiver is the voluntary surrender or relinquishment of a known legal right by agreement or by failure to exercise a privilege to claim a right. *State ex rel. Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362, 643 N.E.2d 1122. Failure to act, or acting in a manner inconsistent with the known legal right, may constitute implied waiver. Failure to raise matters for the consideration of a court may raise a presumption of waiver of the right to do so. *Feazel v. Feazel* (1915), 5 Ohio App. 63.

It is clear that the dismissal of the motion to modify other than on the merits severely compromised the appellant's ability to defend against the appellee's motions. It is equally clear that the dismissal led directly to the contempt finding, as well as the court's ancillary findings in favor of the appellee. As a result of the delay tactics employed by the appellee and the ruling of the trial court, the appellant was precluded from challenging the amount of court-ordered spousal support for the approximately two-year period preceding the ruling by the court. It is abundantly obvious from the record that the appellee could have brought the procedural defect to the attention of the court at a much earlier date but chose not to for purely strategic reasons. I believe that this constitutes an abuse of the Civil Rules of Procedure.

I would, therefore, sustain the appellant's Assignments of Error II through VI and remand this matter to the trial court for further proceedings consistent with this opinion.