JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a judgment of Visiting Domestic Relations Judge Stanley M. Fisher that: dismissed appellant Ann Safranek's motion to hold her ex-husband, Robert Safranek, in contempt of court; ordered the distribution of marital assets contrary to the original property division; and terminated Safranek's spousal support obligation. She contends that the judge had no jurisdiction to grant relief to her ex-husband while disposing of her motion to show cause, and that he improperly dismissed her request for relief. We reverse and remand.
{¶ 2} On June 18, 1992, the judge entered a final decree granting the Safraneks a divorce and ordering a property division that included, inter alia, that the couple would sell two homes they owned in Garfield Heights, use the proceeds to pay certain debts, and share the remainder. They were also to share the proceeds of Safranek's interest in stock of his former employer, Weldinghouse, Inc., and he was to pay spousal support to Ms. Safranek.
{¶ 3} The parties immediately sold one of the jointly owned homes and distributed the proceeds, but Ms. Safranek, who lived in the other, apparently balked at its sale. On January 26, 1993, the judge ordered her to cooperate with the sale of the home, and threatened her with fines of $50.00 per day if she continued to hinder sales efforts. On November 16, 1993, the judge again found that she failed to comply with efforts to sell the home, and stated that he would impose a ten-day jail sentence and a $1,000.00 fine if she did not purge the contempt by cooperating with the sale. This order, however, did not impose the threatened sentence, but specifically stated that [i]f it is made to appear * * * by affidavit that [Mrs. Safranek] has failed to purge the contempt, a citation shall issue.
{¶ 4} On May 12, 1994, the judge issued a citation finding that she had continued to hinder sale of the home, and ordered her to appear for further contempt proceedings. On June 10, 1994, the judge issued an order requiring her to convey her entire right, title and interest in the unsold property to the lawyers representing the parties in the case, who were to act as co-trustees in disposing of the property and distributing the proceeds. If she failed to convey her interest, the judge intended the order to transfer her interest automatically, thereby omitting her ability to obstruct the transfer. Safranek appealed this judgment, complaining that the judge erred in failing to impose the contempt sanction stated in the November 16, 1993 order, but this court dismissed the appeal for lack of jurisdiction, finding that the judge's failure to impose a contempt sanction meant there was no final appealable order.[1]
{¶ 5} The record does not indicate whether Ms. Safranek complied with the June 10, 1994 order to convey her interest in the real estate to the co-trustees, although she claims that the order was of no effect because the original property division had already transferred her interest in the property to the co-trustees. Moreover, even if she failed to comply, the judge's order purported to accomplish the transfer automatically. Although the home was never sold, Safranek did not pursue any further contempt sanctions based upon her failure to cooperate in its sale, and did not seek to either evict her or hold her responsible for rent.
{¶ 6} On August 30, 2000, Ms. Safranek moved to show cause why Safranek should not be held in contempt, alleging that he had sold the Weldinghouse stock and had failed to distribute her share of the proceeds. On August 3, 2001, at a hearing before Judge Fisher, Safranek made an oral motion to dismiss Ms. Safranek's motion, claiming that she was not entitled to enforce the property division because of her unclean hands. He argued that she had been accruing fines since January 26, 1993, for her continued failure to cooperate in the sale of the home, and that those fines had accumulated to over $150,000. He proposed that, as a means of purging her ongoing contempt, she retain title to the unsold home while he retained all proceeds from the sale of stock. In addition he requested that her spousal support be terminated.
{¶ 7} Although the only motion before the judge was Ms. Safranek's motion to show cause, and even though it appears that no evidence was presented on the propriety of Safranek's proposal, the judge accepted his argument and ordered that Ms. Safranek take full title to the home, permitted Safranek to retain all proceeds from the stock sale, and terminated his $1,000.00 per month spousal support obligation.
{¶ 8} Ms. Safranek moved for a new trial, arguing that the case had not been properly assigned to a visiting judge, that the judge erred in applying the equitable doctrine of unclean hands to a statutory proceeding, and that the judge was without jurisdiction to modify the property division and spousal support absent a properly served motion pursuant to Civ.R. 75. The judge denied the motion, and Ms. Safranek asserts five assignments of error, the first of which states:
 {¶ 9} I. The Visiting Judge Abused His Discretion and Committed Prejudicial Error by Proceeding Without a Valid Order of Transfer Pursuant to Ohio Rules of Superintendence 4 and 36 and Cuyahoga County DDR Local Rule 2.
{¶ 10} Although Judge Fisher presided over the original divorce decree in 1992, he had retired and his successors have taken over the responsibilities for this case. While the administrative judge may transfer a case to a visiting judge, the record does not show such a transfer, and Ms. Safranek now claims that Judge Fisher was not properly assigned and so lacked jurisdiction to decide her motion.
{¶ 11} The proper assignment of a judge can be waived and, therefore, does not raise an issue of subject matter jurisdiction. It is more akin to a matter of personal jurisdiction, to which a party must object at the earliest possible moment.[2] Despite Ms. Safranek's claim that she timely preserved error by objecting to the judge's assignment in her objections to the proposed judgment entry and motion for new trial, her objection is waived if the record shows that she should have raised the objection sooner, and we are especially wary of such objections when raised only after a litigant has received an unfavorable ruling.[3]
{¶ 12} Prior to Ms. Safranek's August 30, 2000 motion, the most recent rulings in the case had been made by Judge Christine McMonagle, who succeeded to Judge Fisher's regular docket. Whether by accident or design, the motion to hold Safranek in contempt named Judge Fisher as the presiding judge, as did Ms. Safranek's subsequent filings with respect to the motion. It appears that this mistake continued, and Judge Fisher continued to preside. Although Ms. Safranek attempted to direct her motion for a new trial to Judge Kathleen O'Malley, who succeeded to Judge McMonagle's domestic relations docket, Judge Fisher received and decided that motion as well.
{¶ 13} Even if Judge Fisher was accidentally named in her August 30, 2000 motion and she mistakenly continued to believe that he was the assigned judge, the state of the record does not allow a conclusion that this mistake was reasonable or justified. Ms. Safranek should have known that Judge Fisher was not the regularly assigned judge on her case at the time she filed the motion, and she should have sought to correct the mistake long before he announced his ruling. Therefore, she waived her objection to the judge's involvement, and the first assignment of error is overruled.
{¶ 14} The second, third, and fourth assignments of error state:
 {¶ 15} II. The Trial Court Abused its Discretion and Committed Prejudicial Error in Applying the Doctrine of Clean Hands in this Matter.
 {¶ 16} III. The Visiting Judge Abused His Discretion and Committed Prejudicial Error by Granting Appellee's Motion to Terminate Spousal Support.
 {¶ 17} IV. The Visiting Judge Abused His Discretion and Committed Prejudicial Error by Modifying the Prior Award of Marital Property.
{¶ 18} These assignments of error raise similar issues concerning the judge's ruling, particularly the grant of relief in Safranek's favor. After Ms. Safranek moved to hold Safranek in contempt, the parties appeared for a hearing on the matter on August 3, 2001. Neither party submitted any written memorandum on the issue, nor did either party file any further motions prior to this hearing. At the hearing Safranek raised, for the first time, the issue of Ms. Safranek's alleged ongoing contempt with respect to the unsold house, and further alleged that she had accrued over $150,000 in fines for her contempt.
{¶ 19} Based upon this argument, the judge dismissed her show cause motion on the grounds that the unclean hands doctrine prevented her from enforcing the property division order against Safranek, and further modified the property division and terminated spousal support as a purported resolution of her ongoing contempt.
{¶ 20} R.C. 3105.011 states that a judge in a domestic relations action has full equitable powers * * * appropriate to the determination of all domestic relations matters. An equitable defense can be raised against a statutory remedy, and thus the equitable doctrine of unclean hands can be employed as a defense where appropriate in a divorce action.[4] However, the unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct.[5] Regardless of whether consideration of the unclean hands doctrine was justified, the judge's ruling went beyond simply allowing an equitable defense, but imposed a remedy in favor of Safranek despite the fact that he made no motion that properly invoked the judge's jurisdiction to grant relief in his favor, and despite the fact that he had available legal remedies to address his ex-wife's conduct, but failed to employ them.
{¶ 21} The parties disagree on the characterization of the judge's ruling. Ms. Safranek claims the order was a modification of a property division and spousal support order, and that there was no jurisdiction to make such an order because (a) R.C. 3105.171(I) does not grant continuing jurisdiction to modify a property division award after the original decree,[6] and (b) the judge's continuing jurisdiction was not properly invoked by a motion to modify the award of spousal support, as required by Civ.R. 75(J). Safranek contends that the motion to show cause was sufficient to invoke continuing jurisdiction, and that he was entitled to raise the issue of her ongoing contempt in that proceeding, without filing a separate motion. Moreover, he claims that the order is not a modification of the property division or the spousal support award, but is instead a disposition of the ongoing contempt proceeding against Ms. Safranek.
{¶ 22} Although Ms. Safranek properly invoked the judge's continuing jurisdiction on her motion to hold Safranek in contempt, we agree that the jurisdiction thus invoked is limited, and cannot be employed to raise issues not properly submitted under Civ.R. 75(J). In Szymczak v. Szymczak,[7] the court found that a motion to modify spousal support had to comply with Civ.R. 75(J) before the domestic relations judge had jurisdiction to rule on it even where, as here, the opposing party had a pending motion for contempt.[8] This view is also consistent with the court's opinion in Davis v. Davis,[9] in which the failure to properly serve particular motions was also found to defeat jurisdiction, regardless of the pendency of similar motions and a pending remand order. Based upon Szymczak and Davis, we find that Safranek failed to invoke the jurisdiction of the domestic relations court to provide him a remedy, regardless of whether the judge's order is viewed as a ruling on a motion to modify a property division and terminate spousal support or as a proposal to punish Ms. Safranek's ongoing contempt.
{¶ 23} Even if we view the ruling as being related to Ms. Safranek's purported contempt, there was no pending motion concerning that contempt, and the judge had no jurisdiction to make such a ruling. Furthermore, even if he raised Ms. Safranek's contempt as a defense, the judge granted Safranek affirmative relief in the nature of a setoff that should have been affirmatively pleaded and proven as a separate action.[10] Therefore, even under Safranek's characterization, the judge had no jurisdiction to grant him affirmative relief because he failed to properly request it.
{¶ 24} The judge also erred in finding that Ms. Safranek had unclean hands. There is no outstanding contempt finding against her because the June 10, 1994 order disposed of the judge's findings without imposing any further sanction, and this court's ruling in Cuyahoga App. No. 67525 shows that the judge never imposed any fines for her prior contempt. Moreover, Safranek's argument that his ex-wife was obligated for over $150,000 in fines is disingenuous, as he admitted, both in his appeal in Cuyahoga App. No. 67525 and in a July 30, 1998 motion to allow withdrawal of a trustee, that the judge had not imposed any of the threatened sanctions for her contempt. There is nothing in the record to show that Ms. Safranek failed to comply with any order after June 10, 1994, and Safranek made no further complaint after the dismissal of his appeal. Therefore, it is simply wrong to assert that over $150,000 in fines had accrued, and both Safranek and the judge should have known that no such fines had ever been imposed. Furthermore, the judge mistakenly vilified Ms. Safranek for her contumacious behavior despite the fact that the contempt proceedings against her had been resolved seven years earlier by the order that she convey title to the co-trustees, there was no evidence that she failed to comply with this order, and Safranek never sought further remedy or complained of her failure to cooperate with the sale of the home until forced to respond to his own failure to comply with the property division. The second, third, and fourth assignments are sustained.
{¶ 25} The fifth assignment states:
 {¶ 26} V. The Visiting Judge Abused His Discretion and Committed Prejudicial Error by Granting Appellee's Motion to Dismiss.
{¶ 27} While the judge had no jurisdiction to grant affirmative relief to Safranek, he had authority to dispose of Ms. Safranek's motion to hold her ex-husband in contempt of court for his failure to abide by the property division. He dismissed her motion, finding that she had no right to seek enforcement of the property division because of her ongoing contempt. We disagree.
{¶ 28} As noted, the record shows that Safranek's unclean hands defense was unavailable because there was no showing that Ms. Safranek was currently in contempt or that she had failed to fulfill any sanctions imposed. The June 10, 1994 order disposed of all contempt findings against her at that time. That ruling, this court's dismissal of Safranek's appeal in Cuyahoga App. No. 67525, and his failure to seek further contempt sanctions combine to show that there are no pending contempt findings or sanctions against Ms. Safranek. Therefore, it was error to dismiss her motion to show cause because there was no evidence that she was in contempt or had failed to comply with previous sanctions.
{¶ 29} Furthermore, Safranek took no action to enforce his rights after the June 10, 1994 order that required Ms. Safranek to convey title to the property and which, in the absence of her cooperation, automatically conveyed title. Through that order she essentially became a tenant, rather than an owner, of the premises, and her continued residence could have been addressed by an eviction action and/or an action for rent, in addition to further requests for contempt sanctions. Safranek made no attempt to enforce his rights, but instead simply failed to comply with his own obligations. His failure to protect his own interests is not an equitable reason to allow him to prevent Ms. Safranek from enforcing her own. Her hands were not made unclean by his conduct. The fifth assignment of error is sustained.
{¶ 30} The judgment is reversed and remanded.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND TERRENCE O'DONNELL, P., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Safranek v. Safranek (Feb. 2, 1995), Cuyahoga App. No. 67525.
[2] See, e.g., Myers v. Garson, 66 Ohio St.3d 610, 614, 1993-Ohio-9,614 N.E.2d 742 (objection after adverse decision constituted waiver where opportunity existed earlier).
[3] Id.
[4] Miller v. Miller (1993), 92 Ohio App.3d 340, 346-347,635 N.E.2d 384.
[5] Id. at 348-349; cf. Roberts v. Roberts (July 20, 1995), Franklin App. No. 95APF01-33 (explaining and distinguishing Miller).
[6] Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 751,673 N.E.2d 156.
[7] (2000), 136 Ohio App.3d 706, 737 N.E.2d 980.
[8] Id. at 709.
[9] (Mar. 12, 1992), Cuyahoga App. No. 61832.
[10] Summers v. Connolly (1953), 159 Ohio St. 396, 405-406, 50 O.O. 352, 112 N.E.2d 391.