OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiffs-Appellants, Mark and Eric Hoeck, appeal the decision of the Carroll County Court of Common Pleas, Probate Division, which found Defendant-Appellee, Patricia Varner, in contempt of court. The issues before this court are whether the trial court erred in not awarding attorney fees when it found Varner in contempt, whether it abused its discretion by not imposing greater sanctions upon Varner, and whether it erred in a prior judgment entry by not ordering that Varner pay for funeral expenses, return money from the decedent's accounts, and pay attorney fees.
 {¶ 2} The Hoecks do not have standing to raise some of their arguments since the trial court found Varner guilty of criminal contempt and criminal contempt is a matter uniquely between the trial court and the person accused of being in contempt. In addition, this court does not have jurisdiction to address some of the Hoecks' arguments since they appealed from an entry finding Varner in contempt and the estate remains open. Finally, the trial court did not abuse its discretion when determining how it would sanction Varner for contempt. For these reasons, the trial court's decision is affirmed.
 Facts {¶ 3} This case began when the decedent, Richard Hoeck, died on December 27, 1997. At the time of his death, Richard was living with Varner. He also had three grown children from a previous marriage, Appellants and their sister, Sandra. Varner asked to be named executrix of Richard's estate and produced a will which gave her Richard's residuary estate. Subsequently, the trial court named Varner the executrix of Richard's estate.
 {¶ 4} On February 1, 1999, Varner filed a complaint for authority to sell some real estate that Richard owned in order to pay his debts and the cost of administering the estate. Richard owned a one-half undivided interest in the property with his ex-wife. The Hoecks answered and moved to stay proceedings since they had already instituted an action contesting the will. The trial court granted that motion. Subsequently, a jury rendered a verdict for Appellants in the will contest. As a result, the Hoecks asked that Mark be named administrator of Richard's estate and the trial court granted that request.
 {¶ 5} Later, at a hearing the trial court held towards finalizing the estate, Varner testified that she still had some of Richard's personal property. The trial court ordered Varner to give all the property she could locate with her best efforts to the Hoecks on a date arranged by the parties.
 {¶ 6} After the Hoecks picked up the personal property Varner located, Mark filed a motion to show cause why Varner should not be found in contempt of court. As the basis for this motion, Mark stated that the property "had obviously been left outside for a number of years and permitted to deteriorate, decay and was otherwise destroyed by the elements." The trial court heard the matter and at the hearing the Hoecks testified the property had deteriorated considerably since their father's death and that it had been in Varner's possession the whole time. The trial court found Varner in contempt "upon failure to comply with prior orders, failure to properly protect property of the estate in her possession, inconsistent testimony regarding property in her possession and its subsequent whereabouts and her failure to comply with subpoena issued by this court." It then awarded $2,250.00 to the Hoecks.
 {¶ 7} The Hoecks argue three assignments of error. For analytical purposes, we will address those assignments of error out of order. And even though Varner filed a notice of appeal, she has not asserted any cross-assignments of error.
 Contempt Sanctions {¶ 8} In their second assignment of error, the Hoecks' allege:
 {¶ 9} "The trial court abused its discretion by not imposing greater sanctions as a result of Appellee's contemptuous acts."
 {¶ 10} The Hoecks argue that Varner's actions were so intentional and egregious that the sanction imposed by the probate court for her contempt is insufficient to be considered remedial or coercive. In response, Varner argues that the decision over the size of the sanction to be imposed for contempt lies in the sound discretion of the trial court.
 {¶ 11} Before addressing the merits of this assignment of error, we must first consider a jurisdictional issue. Since the trial court found in their favor, the Hoecks may not have standing to raise this assignment of error.
 {¶ 12} A person's standing is a jurisdictional issue which may be raised at any time during the proceedings. New Boston Coke Corp. v.Tyler (1987), 32 Ohio St.3d 216, paragraph two of the syllabus. Only an aggrieved party has standing to appeal from a final appealable order.Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals
(2001), 91 Ohio St.3d 174, 177. A party is "aggrieved" if they have an immediate and pecuniary interest in the subject matter of the litigation which is not a remote consequence of the judgment. Id. "Thus, in order to have standing to appeal, a person must be `able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced' by the judgment appealed from." Id., quoting Willoughby Hillsv. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26. In this case, we must determine if the Hoecks are aggrieved by the trial court's decision finding Varner in contempt and sanctioning her accordingly. In order to do so, we must determine whether Varner was in civil or criminal contempt.
 {¶ 13} There are two different forms of contempt, criminal contempt and civil contempt. "Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules." Pughv. Pugh (Feb. 19, 2002), 5th Dist. No. 2001CA00190. Civil contempts are violations against the party for whose benefit the order was made, whereas criminal contempts are offenses against the dignity or process of the court. State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551, 554. Often, civil contempt is characterized by conditional sanctions, i.e., the contemnor is imprisoned until he obeys the court order. Denovchek v.Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 16. In contrast, the sanctions for criminal contempt are punitive in nature, designed to vindicate the authority of the court. Id.
 {¶ 14} In this case, the trial court concluded that the damage to the estate's property had already been done. Compliance with its order was no longer an issue. This is why it did not allow Varner an opportunity to purge her contempt. "[W]hen compliance with the court's order has become moot, as when the case has been settled, civil contempt sanctions are no longer appropriate." Natl. Equity Title Agency, Inc. v.Rivera (2001), 147 Ohio App.3d 246, 252. Accordingly, Varner was held in criminal contempt of court.
 {¶ 15} Criminal contempt sanctions are uniquely a matter between the court and the person alleged to have disobeyed the court's order. Id. at 254-255. Because these sanctions are designed to vindicate the authority of the court, the Hoecks do not have any pecuniary interest in the amount of sanction the court feels will vindicate its authority. Accordingly, the Hoecks do not have standing to assert this assignment of error. We will disregard this assignment of error due to a lack of jurisdiction.
 Attorney Fees {¶ 16} In their first assignment of error, the Hoecks allege as follows:
 {¶ 17} "The trial court abused its discretion by not awarding attorney fees as part of the contempt sanctions against Appellee."
 {¶ 18} Although the Hoecks' first assignment of error seems to be limited to arguing that the trial court erred by not awarding the attorney fees necessary to prosecute the contempt sanction, their actual argument is much broader. They argue that the trial court erred by not awarding them their attorney fees for bringing the successful will contest, removing Varner as fiduciary of the estate, general administration of the estate, and the contempt proceeding. In response, Varner argues that the decision to award attorney fees lies in the sound discretion of the trial court.
 {¶ 19} A trial court's decision to award attorney's fees in a contempt action will not be disturbed on appeal absent a clear abuse of discretion. Planned Parenthood Assn. of Cincinnati, Inc. v. ProjectJericho (1990), 52 Ohio St.3d 56, 67; Szymczak v. Szymczak (2000),136 Ohio App.3d 706, 714. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. Dunbar v. Dunbar
(1994), 68 Ohio St.3d 369, 371.
 {¶ 20} In this case, the trial court's decision seems neither unreasonable, arbitrary, or unconscionable. It noted the egregiousness of Varner's actions, but also noted the Hoecks' extended delay in actively seeking to take possession of the property. In other words, the damage to the property would not have happened if Mark had actively sought to obtain the property. Accordingly, it appears reasonable to deny the estate's request for attorney fees for prosecuting the contempt action.
 {¶ 21} However, as mentioned, the Hoecks also argue that they should have received attorney fees for more than just prosecuting the contempt action. But this argument ignores the fact that the estate is still open. There is no final, appealable order either granting or denying that request for attorney fees. Accordingly, we may not address the propriety of the trial court's decision regarding these attorney fees. For these reasons, this assignment of error is meritless.
 Funeral Expenses {¶ 22} In their third assignment of error, the Hoeck's allege:
 {¶ 23} "The trial court erred in its April 11, 2002 judgment entry by not requiring Appellee to pay for funeral expenses, return money she took from Decedent's accounts and for its failure to grant Appellant's attorney fees."
 {¶ 24} The Hoecks' argument in this assignment of error is similar to those raised in their first assignment of error. But, like the argument in support of the first assignment of error, the argument ignores the fact that there is not a final, appealable order either granting or denying the estate's request for these expenses. Accordingly, we do not have jurisdiction to address these issues and will disregard this assignment of error.
 {¶ 25} In conclusion, this court does not have jurisdiction to address many of the issues the Hoecks' raise on appeal. On those issues, the Hoecks' either do not have standing to raise those issues or are appealing from a non-final appealable order in regard to those issues. The only issue we have jurisdiction to address is whether the trial court erred in refusing to grant the Hoecks' attorney fees for bringing the contempt action against Varner. We conclude that the trial court did not abuse its discretion when it denied the Hoecks' request for these attorney fees and this assignment of error is meritless.
 {¶ 26} Accordingly, the judgment of the trial court is affirmed in part and dismissed in part. Cross-appeal dismissed.
Donofrio, J., concurs in judgment only with concurring opinion regarding the second assignment of error, which he would affirm, and concurs with this Court's opinion regarding the first and third assignments of error.
Vukovich, J., concurs.