JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Donna Taylor ("Taylor"), appeals from various post-decree rulings made by the Cuyahoga County Common Pleas Court, Domestic Relations Division. After review of the proceedings, we find some merit to the appeal and affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} Taylor and defendant-appellee, Andrew Heary ("Heary"), were married on April 24, 1976. Two children were born of the marriage. In 1999, the marriage was dissolved. During the divorce trial, an issue arose concerning a joint debt of $52,250 owed to Taylor's brother, Donald Taylor. During the marriage, Taylor's mother's estate transferred $52,250 to the couple. Donald Taylor sued the couple claiming the money was a loan from the estate. In May 2000, after the divorce was finalized, the trial court ordered Heary to pay the obligation to Donald Taylor and further ordered Heary to hold Taylor harmless on the debt. See Heary v. Heary (Nov. 30, 2000), Cuyahoga App. Nos. 76833, 77049, and 78180.
 {¶ 3} In 2005, Heary applied to have the debt discharged in bankruptcy court. The bankruptcy court ordered the debt discharged but found that none of Heary's duties to his ex-wife were dischargeable and that Heary must still hold harmless and indemnify Taylor with regard to the debt owed to Donald Taylor. In re Andrew D. Heary, Bankruptcy No. 02-21213-MBM, US Bankruptcy Court, Western District of Pennsylvania.
 {¶ 4} In 2007, Heary filed a motion to receive credit on arrearages, arguing that he never received his portion of the proceeds from the sale of the marital home, *Page 4 
and that he wanted that money credited towards the outstanding balance on his child support payments. Heary sent a copy of the motion to Taylor's attorney, but did not serve the motion on Taylor. In turn, Taylor filed a "Motion to Enforce Indemnification and Reduce Monetary Obligation To Judgment," stating that her brother was seeking to recover the debt from her and requesting the court to reduce the debt to a judgment against Heary.
 {¶ 5} The parties briefed the matter and the magistrate issued an order based on the briefs. The magistrate found that Taylor never distributed the proceeds from the sale of the marital home to Heary so he was entitled to credit in the amounts of $35,000, $8,659, and $12,836.40 towards his child support arrearage.[1] The magistrate further suggested that Taylor file for bankruptcy to discharge any debt owed to her brother and ordered Heary to pay $2,000 towards Taylor's attorney's fees if she decided to proceed with a bankruptcy filing.
 {¶ 6} Taylor filed objections to the magistrate's decision, and the trial court sustained the objections, in part, and amended the magistrate's decision to reduce the credit towards Heary's child support arrearage from $12,836.40 to $836.40, finding that $12,000 should serve as indemnification on the debt owed to Donald Taylor.[2] *Page 5 
 {¶ 7} Taylor now appeals, raising three assignments of error for our review.
 {¶ 8} In the first assignment of error, Taylor argues that the trial court erred by only partly granting her motion to enforce indemnification. Taylor claims that the trial court should have required full indemnification based on the mandates of the order it issued in May 2000.
 {¶ 9} This appellate court may not substitute its judgment for that of the Domestic Relations Division absent a showing that the lower court acted unreasonably, arbitrarily, or unconscionably. Bisker v.Bisker (1994), 69 Ohio St.3d 608, 635 N.E.2d 308; Ellars v. Ellars
(1990), 69 Ohio App.3d 712, 591 N.E.2d 783. The trial court in a domestic relations matter has continuing jurisdiction to consider any and all post-decree motions posed by the parties, and the decision as to these matters is subject to the abuse of discretion standard of review.Dowling v. Schaser (Jan. 26, 1995), Cuyahoga App. No. 66005.
 {¶ 10} In May 2000, after the final decree of divorce had been issued, the trial court issued another order requiring Heary pay, indemnify, and hold Taylor harmless on the judgment Donald Taylor had acquired against them in the amount of $52,250 plus 8% interest. Taylor argues that the trial court's partial granting of her motion to enforce indemnification essentially modifies the court's May 2000 order, because the court had ordered Heary to pay Donald Taylor in full.
 {¶ 11} We disagree with Taylor's interpretation of the trial court's ruling. The trial court's 2007 order did not change any of its prior orders requiring Heary to indemnify Taylor; Heary is still required to pay the judgment and hold Taylor harmless *Page 6 
from liability. We agree with Heary that Taylor's motion to enforce indemnification in reality sought to modify the court's prior order so that she has an affirmative judgment upon which to collect. The trial court is not bound to modify its original order or to affirmatively enforce its prior judgment. Taylor has other avenues of recourse should she so choose, including moving Heary be held in contempt or pay additional spousal support.
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} In the second assignment of error, Taylor argues that the magistrate erred in suggesting she file bankruptcy. Taylor accuses the magistrate of acting "coercively" and without jurisdiction. Again, Taylor has misinterpreted the trial court's order. The portion of the magistrate's decision regarding filing for bankruptcy was merely a suggestion or advice, not an order. While we often caution courts from issuing advisory opinions, there is nothing that prevents the magistrate from giving Taylor this advice, or from ordering Heary to pay $2,000 towards attorney's fees if she chooses to file for bankruptcy.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} In the third assignment of error, Taylor argues that the trial court erred in granting Heary's motion to receive credit on arrears. Heary filed the motion arguing that he had not received any funds from the sale of the marital residence and requested that his portion of the proceeds be credited towards his child support arrearages. Taylor responded to the motion, arguing that Heary was not entitled to any credits and that he failed to properly serve her with the motion. For the following *Page 7 
reasons, we agree that Heary did not properly invoke the continuing jurisdiction of the trial court.
 {¶ 16} Civ. R. 75(J) states, in part, that "[t]he continuing jurisdiction of the [domestic relation] court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6." Id.; see, also, Hansen v. Hansen (1985), 21 Ohio App.3d 216, 218,486 N.E.2d 1252. Loc. R. 15(D)(2) of Cuyahoga County Common Pleas Court, Domestic Relations Division, states that notice of any post-decree motion shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. Civ. R. 4.1-4.6 require service on the non-moving party herself, either by certified mail sent by the Clerk of Courts or ordinary mail sent by the Clerk of Courts if certified mail has failed.
 {¶ 17} It is well settled that if the moving party serves notice of his post-decree motion on the non-moving party's attorney but not on the party herself, and the non-moving party timely objects to the lack of personal jurisdiction, the lower court has no continuing jurisdiction. Id.; see, also, Szymczak v. Szymczak (2000), 136 Ohio App.3d 706,737 N.E.2d 980; Davis v. Davis (Mar. 12, 1992), Cuyahoga App. No. 61832;Cunard v. Cunard (Dec. 17, 1992), Cuyahoga App. No. 63634.
 {¶ 18} In this case, Heary served the motion on Taylor's counsel. Taylor's counsel timely filed a response, arguing that Heary did not properly serve Taylor with the motion. Instead of taking any action to correct the obvious defect and complete service of original process on Taylor, Heary ignored the defect. He argues on appeal that the trial court had jurisdiction because the trial court was enforcing its original *Page 8 
order, not modifying or changing the order. Heary, however, is unable to cite any authority for his proposition. The law on this matter is clear. In a domestic relations case, service to a party's attorney is not sufficient to invoke continuing jurisdiction. See Civ. R. 4.1-4.6;Pulice v. Collins, Cuyahoga App. No. 86669, 2006-Ohio-3950.
 {¶ 19} Therefore, the third assignment of error is sustained.
 {¶ 20} Accordingly, judgment is affirmed in part; reversed in part, and remanded. It is ordered that appellant and appellee split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., and ANN DYKE, J., CONCUR.
[1] The original divorce decree ordered that Heary receive a portion of the proceeds from the sale of the marital home but pay $35,000 and an additional $8,659 for Taylor's attorney's fees.
[2] The evidence shows that at some point Taylor paid her brother $12,000 towards satisfaction of the debt. *Page 1