MCKINNON, APPELLANT, *v.* MCKINNON,
APPELLEE.

(No. 82AP-757—Decided April 7, 1983.)

*Messrs. Hobday & Piper* and *Mr. Brian S. Piper,* for appellant.

*Mr. Joseph G. Rotondo, Thomas M. Tyack & Associates Co., L.P.A.,* and *Mr. Thomas M. Tyack,* for appellee.

MOYER, J. This matter is before us on the appeal of plaintiff-appellant, Barbara J. McKinnon, from a judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, sustaining a motion for relief from judgment filed pursuant to Civ. R. 60(B)(4) by defendant-appellee, Daniel McKinnon.

Plaintiff and defendant were divorced by an agreed judgment entry filed April 7, 1982. The entry provided *inter alia* that defendant would have the sole right to occupy a designated apartment and plaintiff would have the sole right to occupy another designated apartment, and that defendant would pay plaintiff the sum of $90 per week as support and alimony until she died or remarried.

On June 21, plaintiff filed a motion seeking an order finding defendant in con-tempt for failure to pay the support alimony and certain medical bills incurred by plaintiff. The motion was set for hearing on July 2, 1982, and, on July 1, defendant filed a motion for relief from judgment pursuant to Civ. R. 60(B)(4). The motion sought to have the entire divorce decree vacated. Defendant attached to his motion an affidavit stating that, on the day the parties' divorce was granted, they were not separated and living apart; that defendant was not represented by counsel at the final hearing; that he signed the agreed divorce decree because plaintiff had induced him to rent an apartment in which the parties were going to live together not unlike a married couple although divorced; that plaintiff told him that, if he would give her $90 per week, she would pay the rent and the utilities for the apartment; that, within forty-five days from the date of the filing of the decree, plaintiff had changed the locks on the apartment thereby preventing defendant from entering; and that defendant has been unable to recover any of his personal items, including the title to his automobile.

The trial court sustained the motion for relief from judgment only as it related to the paragraph of the divorce decree that ordered defendant to pay plaintiff sustenance alimony. The court based its order upon the representations made to it and the sworn testimony of the parties. The trial court found that it was no longer equitable that the provisions of the decree which provided for the support payments have prospective application. The trial court also set a date for a hearing at which it would take evidence to determine whether plaintiff was entitled to any alimony.

Plaintiff raises the following assignment of error:

"The Court erred in vacating the Divorce Decree granted Plaintiff because in the case of a divorce decree, where the Court already retains jurisdiction to modify its orders, it is improper to grant relief

from Judgment pursuant to the provisions of Ohio Civil Rule 60(B)(4) on the ground that it is no longer equitable that the judgment should have prospective application."

Because no transcript of the hearing conducted on defendant's motion for relief from judgment has been filed with this appeal, we will take as true the statements made by defendant in the affidavit attached to his motion for relief from judgment.

Plaintiff's sole argument is that defendant, in effect, asserted a change in circumstances after the divorce decree which established sustenance alimony and that Civ. R. 75(I) provides the exclusive remedy for changing a sustenance alimony award where circumstances following the award suggest a change is appropriate.

Civ. R. 75(I) states that the continuing jurisdiction of the court shall be invoked by a motion filed in the original action. While Civ. R. 75(I) is used to seek a change in an order of a domestic relations court on the ground that circumstances have changed since the original order was entered, there is nothing in Civ. R. 75(I) or any other rule that states it is an exclusive remedy. In fact, this court has held previously that Civ. R. 60(B) may be used in a domestic relations matter to seek relief from the terms of a property settlement. In the case of *Cochran* v. *Cochran* (June 30, 1981), Franklin App. No. 80AP-511, unreported, we stated:

"Civ. R. 60(B) is different from the continuing jurisdiction of a court of domestic relations referred to in Civ. R. 75(I). Under the latter, a court of domestic relations may for certain purposes modify a decree because of a change of circumstances justifying a different equitable result. The court has continuing jurisdiction over the issue for this purpose. Civ. R. 60(B) is a procedure for granting relief from a judgment not otherwise modifiable. A change of circumstances standing alone cannot justify relief from judgment, although Civ. R. 60(B)(4) has a similar provision permitting relief from judgment if it is no longer equitable that the judgment have prospective application. Nevertheless, there is nothing in the Civil Rules, or otherwise, precluding the application of Civ. R. 60(B) to domestic relations matters. It might well be that the *Wolfe* case (*Wolfe* v. *Wolfe* [1976], 46 Ohio St. 2d 399 [75 O.O.2d 474]) cited by defendants-appellants could have been determined upon the basis of Civ. R. 60(B)(4). However, the *Wolfe* case did not discuss that issue. *Wolfe* did recognize that prior case law permitted modification of domestic relations decrees relative to division of property in cases of fraud or misrepresentation. * * *"

Accordingly, we hold that a court of domestic relations pursuant to Civ. R. 60(B) may vacate a judgment entry or part thereof that grants sustenance alimony if the court finds it is no longer equitable that the judgment ordering sustenance alimony should no longer have prospective application. Civ. R. 75(I) is not an exclusive remedy for seeking relief from a divorce decree. The assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.