This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Nathan Eden has appealed from an order of the Lorain County Court of Common Pleas that dismissed his motion for relief from judgment. This Court reverses.
 I.
{¶ 2} As an initial matter, we note that Plaintiff-Appellee Kathleen Eden did not file an appellate brief. Therefore, this Court may accept Nathan's statement of the facts and issues as correct. See App.R. 18(C).
{¶ 3} Nathan and Kathleen were divorced on June 2, 1994. The terms of the divorce decree vested in Kathleen entitlement to one-half of Nathan's retirement benefits, and specified that division of the benefits would be effected by subsequent QDROs, or Qualified Domestic Relations Orders, that would be incorporated into the decree. The trial court subsequently journalized and incorporated by reference into the judgment entry of divorce several QDROs providing for the division of Nathan's interest in certain pension benefits plans.
{¶ 4} On November 16, 2001, the trial court journalized another QDRO containing instructions for the division of Nathan's interest in a "U.S. Steel Corporation Plan for Non-Union Employee Pension Benefits (Rev. 1998)." Approximately one month later, Nathan filed a motion for relief from judgment pursuant to Civ.R. 60(B), in which he requested that the court vacate the QDRO adopted in November 2001.
{¶ 5} The trial court entered an order scheduling a pretrial hearing regarding Nathan's motion. In that same order, the court stated that Nathan failed to serve his motion pursuant to Civ.R. 75, and ordered: "[Nathan] is instructed to serve [his] Motion via certified mail." By subsequent orders journalized in January and April 2002, the trial court again admonished Nathan to serve his motion pursuant to Civ.R. 75, and warned that failure to comply with the rule's service requirements would result in dismissal of the motion.
{¶ 6} Finally, on May 17, 2002, the trial court entered an order dismissing Nathan's motion for failure to perfect service pursuant to Civ.R. 75. Nathan has appealed from this order, asserting four assignments of error.
 II Assignment of Error Number One
{¶ 7} "[CIV.R. 75] SHOULD NOT HAVE BEEN APPLIED TO [NATHAN]."
{¶ 8} In his first assignment of error, Nathan has argued that the trial court erred in requiring him to comply with Civ.R. 75. Specifically, Nathan has contended that the trial court should not have dismissed his motion to vacate judgment on the ground that he failed to perfect service upon Kathleen by certified mail.
{¶ 9} The trial court dismissed Nathan's motion on the ground that he failed to comply with the service provisions of Civ.R. 75. Civ.R. 75 provides, in part: "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6." Civ.R. 75(J). Civ.R. 4.1(A) provides that "[e]videnced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules." Civ.R. 4 requires service upon the opposing party; service only upon the opposing party's attorney is insufficient to invoke the trial court's continuing jurisdiction pursuant to Civ.R. 75. Hansen v. Hansen (1985),21 Ohio App.3d 216, 218-219.
{¶ 10} By statute, the trial court retains continuing jurisdiction over various domestic relations matters. For example, R.C. 3105.65(B) provides for the trial court's continuing jurisdiction to modify certain matters relating to parental rights and responsibilities, child support, and visitation in the context of voluntary dissolutions. Likewise, pursuant to R.C. 3105.18(E), a trial court may specifically retain jurisdiction to modify the terms of alimony or spousal support upon a showing that the circumstances of either party have changed and certain other conditions. Where the continuing jurisdiction of a court to modify such orders is invoked, service of a party's motion invoking the court's continuing jurisdiction must be perfected "in the manner provided for the service of process under Civ.R. 4 to 4.6." Civ.R. 75(J); see, also,Szymczak v. Szymczak (2000), 136 Ohio App.3d 706, 712; McKinnon v.McKinnon (1983), 9 Ohio App.3d 220, 221.
{¶ 11} With respect to divisions of marital and separate property, however, R.C. 3105.171(I) provides: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." This Court has stated that future modification of a property division is improper even where the trial court explicitly attempts to retain jurisdiction to do so.[1]Bowen v. Bowen (1999), 132 Ohio App.3d 616, 634, appeal not allowed (1999), 86 Ohio St.3d 1402.
{¶ 12} In his motion, Nathan argued that the trial court should vacate the QDRO adopted on November 16, 2001, on the ground that that QDRO effected a division of property that was not included in the parties' original divorce decree. As such, Nathan's motion did not request the court to modify an existing order such as would require invocation of the court's continuing jurisdiction pursuant to Civ.R. 75. Indeed, future modification of the property division that the QDRO at issue attempted to effect has been expressly precluded by R.C. 3105.171(I).
{¶ 13} Accordingly, the trial court improperly dismissed Nathan's motion for failure to perfect service pursuant to Civ.R. 75. Nathan's motion did not require invocation of the court's continuing jurisdiction of the domestic relations court, and service of the motion was therefore governed by Civ.R. 5. See Weaver v. Weaver (Aug. 3, 2000), 10th Dist. No. 99AP-1370, 2000 Ohio App. LEXIS 3450, at *8. Appellant's first assignment of error is well taken.
 Assignment of Error Number Two
{¶ 14} "MODIFICATION OF EXISTING QDRO COULD NOT OCCUR."
 Assignment of Error Number Three
{¶ 15} "INTRODUCTION OF A SECOND CLAIM WAS TIME BARRED."
 Assignment of Error Number Four
{¶ 16} "[KATHLEEN] LEGALLY DEFAULTED ANY CLAIM TO THE FUNDS DISPUTED."
{¶ 17} Nathan's remaining assignments of error address the merits of his motion to vacate, which were not reached by the trial court. Accordingly, we decline to address for the first time here the arguments advanced by Nathan's motion, and our decision today expresses no opinion regarding the merits of those arguments or the propriety of Nathan's presentation of those arguments by motion pursuant to Civ.R. 60(B).
 III.
{¶ 18} Nathan's first assignment of error is sustained; we decline to address the remaining assignments of error. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this decision.
CARR, J. CONCURS IN JUDGMENT ONLY:
[1] We note that, while trial courts do not have the authority to modify property divisions, they do have the power to clarify and construe their original property divisions so as to effectuate their judgments.Weller v. Weller (1996), 115 Ohio App.3d 173, 179.