OPINION.
{¶ 1} This case consolidates two appeals. Both were taken from an order of the domestic relations court that overruled objections to a magistrate's decision and adopted the magistrate's decision as modified by the court.
 {¶ 2} The parties were divorced on June 22, 1999. The terms of the decree were agreed. Two are of concern here. One awarded Plaintiff Brenda Schaefferkoetter spousal support in the amount of three hundred dollars per month for thirty months. The other divided Douglas Schaefferkoetter's military retirement account. It provides:
 {¶ 3} "8. Retirement Accounts: Plaintiff is awarded as her sole and separate property a share of Defendant's disposable military retirement as defined by the Uniformed Services Former Spouses Protection Act (US FSP) and law of the State of Ohio. The spouse is entitled to 48% of the retirement pay including cost of living adjustments calculated at the rank of 04 with seventeen years of military service. Should Plaintiff desire Survivor Benefit Plan (SPB) coverage, she will be responsible for paying any premiums and related costs.
 {¶ 4} "Plaintiff and Defendant mutually acknowledge and agree that Plaintiff has no retirement benefit of her own."
 {¶ 5} On March 27, 2001, Douglas[1] asked the court to modify its division of his retirement account, contending that Brenda is entitled to only a 42.5% share of his retirement account, not the 48% share she was awarded in the decree.
 {¶ 6} On September 21, 2001, Brenda moved to vacate the decree of divorce in several respects and/or to find Douglas in contempt. One of the grounds Brenda alleged was that Douglas had retired but she had yet to receive the share of his pension to which she was entitled.
 {¶ 7} Both motions were referred to a magistrate for hearing. In her decision, the magistrate denied Douglas's request to modify the percentage share of his retirement to which Brenda is entitled. However, and upon Brenda's motion, the magistrate modified Douglas's spousal support obligation to compensate Brenda for a reduction of the value of her share of Douglas's retirement account resulting from Douglas's election to take a disability retirement.
 {¶ 8} Douglas filed objections to the magistrate's decision. The trial court overruled his objection with respect to the share of his retirement account to which Brenda is entitled, retaining the 48% share in the decree. However, the trial court sustained Douglas's objection to the modification of the decree's spousal support award, holding that it lacked jurisdiction to do that pursuant to R.C 3105.18(E).
 {¶ 9} Both parties filed timely notices of appeal. Each presents a single assignment of error.
 {¶ 10} Douglas Schaefferkoetter's assignment of error:
 {¶ 11} "The magistrate erred in her determination of the coverture fraction to be applied to the defendant's military retirement."
 {¶ 12} This assignment of error and the argument in support of it attacks the magistrate's decision. Our review is not of a magistrate's decision but of the trial court's order on the magistrate's decision that determines the issues of fact and law involved that were referred for decision. Therefore, we confine our review to what the trial court did.
 {¶ 13} Brenda was awarded a 48% share of Douglas's retirement account in the decree of divorce. Retirement accounts are marital property. R.C. 3105.171(A)(3)(a)(ii). Divisions of marital property in a decree of divorce are not subject to future modification by the court. R.C. 3105.171(I).
 {¶ 14} Douglas argued that the 48% share awarded to Brenda is incorrect; that a proper coverture calculation entitles her to only a 42.5% share. The trial court denied his request. The court observed that the decree is final, and so the 48% share for which it provides is not subject to modification.
 {¶ 15} The ruling the trial court made is grounded on the provisions and prohibitions of R.C. 3105.171(I). We agree that the section prohibits the court from granting the relief Douglas requested, because it would have modified the division of marital property ordered in the decree of divorce.
 {¶ 16} As more fully discussed below, Douglas might have sought the same relief, alternatively, pursuant to Civ.R. 60(B)(1), which permits a court to vacate its prior final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." However, and pursuant to further provisions of the rule, a motion seeking that relief must be filed within one year after the judgment to be vacated. The one-year requirement is absolute. GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146. The divorce decree was journalized on June 22, 1999. Douglas's motion was filed more than one year later, on March 27, 2001. Civ.R. 60(B) relief was therefore unavailable to him, at least after June 22, 2000.
 {¶ 17} Douglas's assignment of error is overruled.
 {¶ 18} Brenda Schaefferkoetter's assignment of error:
 {¶ 19} "The trial court erred in its decision of September 25, 2002, when it determined that the court no longer had jurisdiction to offset the decrease in plaintiff's share of defendant's retirement benefits because of defendant's application for and receipt of VA disability benefits."
 {¶ 20} Douglas retired in August of 2002. He elected to retire on a disability status. That reduced the portion of his pension income derived from "retirement." That, in turn, diminished the value of the share of his retirement to which Brenda was entitled. To compensate for that, the magistrate ordered an upward modification of Douglas's spousal support obligation. The trial court sustained Douglas's objection to the modification, holding that the modification is prohibited by R.C.3105.18(E).
 {¶ 21} R.C. 3105.18(E)(1) prohibits modification of a spousal support order unless the order contains specific terms permitting its modification. The spousal support order in the decree of divorce contains no such terms. Therefore, the court was correct when it held that it lacks jurisdiction to modify, rejecting the magistrate's decision in that respect.
 {¶ 22} Neither the magistrate's decision nor the trial court's order rejecting it determined the issue of law raised in Brenda's motion of September 21, 2001 that invoked the court's jurisdiction. She asked the court to vacate its prior spousal support order. That relief is made available by Civ.R. 60(B).
 {¶ 23} Even when a modification of spousal support ordered in a decree of divorce is made unavailable by R.C. 3105.18(E), the domestic relations court may upon a motion filed pursuant to Civ.R. 60(B)(4) vacate the prior award and order spousal support different in its terms and/or amount upon a finding that it is no longer equitable that the judgment in the decree should have prospective effect. McKinnon v.McKinnon (1983), 9 Ohio App.3d 220. Further, the court may do that without disturbing other relief awarded in the decree. Id.; Senegal v.Senegal (May 8, 1979), Montgomery App. No. 11174; Bysak v. Buflod (June 21, 1991), Montgomery App. No. 12610.
 {¶ 24} Civ.R. 60(B)(4) relief in this respect is an alternative to the modification of spousal support that R.C. 3105.18(E) otherwise involves. Senegal. Civ.R. 60(B)(4) is not subject to the one-year filing requirement applicable to prior sections of the rule. Nevertheless, the relief must be sought within a "reasonable" time.
 {¶ 25} The two alternatives do not involve the same findings, however. R.C. 3105.18(E), if authority to modify is reserved, requires only a substantial change of circumstances. Those circumstances involve matters which the trial court did not contemplate when it awarded spousal support. Tremaine v. Tremaine (1996), 11 Ohio App.3d 703. Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively (made) subject to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986), 24 Ohio St.3d 141, 146. That implicates a more substantial showing.
 {¶ 26} Most, if not all, of the testimony the magistrate heard in the hearing of May 22, 2002, on the respective motions of the parties concerned Douglas's contentions with respect to the coverture formula. After Brenda's counsel had asked the court to "make up the difference" that Brenda lost because of Douglas's disability retirement, the magistrate asked several questions of the parties. She asked Douglas whether he knew when he was divorced that he would take a disability retirement. Douglas said that he did know. (T. 54). He conceded that he had "no idea" whether Brenda was then aware of the fact. (Id.) Brenda stated that she was not then aware of Douglas's intentions. (Id.)
 {¶ 27} Douglas retired in August of 2002. Brenda filed her Civ.R. 60(B) motion the next month. It was timely filed; she could not have acted earlier. Brenda was then required to show, in addition, that she is entitled to relief pursuant to Civ.R. 60(B)(4), and that if the spousal support award is vacated she has a meritorious claim to present. GTEAutomatic Electric, Inc. v. ARC Industries, Inc.
 {¶ 28} Douglas, by his own admission, knew when he approved the agreed decree of divorce that the share of his retirement pension that he agreed to give to Brenda would be reduced in value should he take a disability retirement, and he expected to do that. Brenda was unaware of his plan, and being unaware she had no opportunity to foresee or control that circumstance. Knapp. Therefore, grounds for relief pursuant to Civ.R. 60(B)(4) are demonstrated.
 {¶ 29} The further issue is whether Brenda has a meritorious claim or defense to present if the current spousal support order is vacated. R.C. 3105.18(C)(1) authorizes the court, after property has been divided, to award spousal support upon consideration of a number of factors. One of those is the income of the parties from "all sources," including any property the court has divided and distributed. That would include Brenda's diminished income from the divided retirement pension. It would also include the additional income Douglas now receives from the disability portion of his pension, which is a "source" of income for these purposes. Therefore, Brenda has a "meritorious" claim for additional spousal support for her needs. The amount of that additional support is a matter for the domestic relations court to determine.
 {¶ 30} The trial court erred when it denied Brenda's request for Civ.R. 60(B)(4) relief. Brenda's assignment of error is sustained. The court's order modifying spousal support will be reversed, and the case will be remanded for entry of an order granting Brenda's motion for Civ.R. 60(B) relief, and for further proceedings on Brenda's spousal support claim.
WOLFF, J. and YOUNG, J., concur.
[1] For convenience and clarity, the parties will be identified by their first names.