OPINION
{¶ 1} Defendant-appellant, Joyce A. Crawford nka Holt ("Holt"), appeals the July 8, 2004 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee's, T. Lloyd Crawford ("Crawford"), motion for relief from judgment from a decree of divorce. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Holt and Crawford were married on January 16, 1999. No children were born as issue of the marriage. On August 12, 2002, Crawford filed a complaint for divorce. On September 24, 2002, the trial court entered a temporary order requiring Crawford to pay Holt's "reasonable and ordinary uninsured and unreimbursed medical, dental, optical and prescription drug expenses."
 {¶ 3} Following a hearing in March 2003, a magistrate's decision was issued on August 7, 2003, dividing marital property and granting Holt, who is disabled and unable to work, COBRA coverage for a period of three years at Crawford's expense. Holt filed objections to the magistrate's decision. The trial court issued findings in response to Holt's objections on February 12, 2004.
 {¶ 4} On March 29, 2004, the trial court entered a judgment entry decree of divorce granting Crawford a divorce on the grounds of gross neglect of duty. The March 29, 2004 judgment entry further awarded Holt the marital home, in which there was little equity; ordered Crawford to pay marital debts in the amount of $14,226.53 for "Discover Card, Visa Card, Mastercard and medical bills"; and awarded Holt COBRA coverage for a period of three years at Crawford's expense.
 {¶ 5} Both Holt and Crawford filed motions for relief from judgment. Holt sought clarification regarding a reference in the court's decree of divorce to a "second mortgage." Holt noted that there was no second mortgage on the marital home, but that there was an unpaid waterproofing bill that the court had identified as marital debt. Holt incorrectly stated that the waterproofing bill had been charged to one of the credit cards when, in fact, the bill had been paid through a bank loan. In his motion, Crawford asked the court to specifically allocate responsibility for the waterproofing bill to Holt and that he be relieved from providing Holt COBRA coverage for three years, in light of the fact that Crawford had been responsible for Holt's medical bills since September 2002.
 {¶ 6} On July 8, 2004, the trial court issued a judgment entry on the motions for relief. The court found that the marital debts totaling $14,226.53 included the waterproofing bill in the amount of $6,492. The court stated "it would be unjust to award [Holt] the residence and make [Crawford] pay the waterproofing bill on the residence." Accordingly, the court ordered Holt responsible for paying the waterproofing bill. The court further agreed that Crawford was entitled to credit for COBRA payments made during the delay in filing the judgment entry and reduced Crawford's obligation to make COBRA payments by twelve months.
 {¶ 7} Holt timely appeals and raises the following assignments of error:
 {¶ 8} "[1.] The trial court erred to the prejudice of Appellant by granting Appellee's motion to reduce Appellant's COBRA coverage without presenting any evidence or facts showing a change of circumstances of the parties.
 {¶ 9} "[2.] The trial court erred to the prejudice of Appellant by granting Appellee's Rule 60(B) motion that requested a waterproofing bill, which was previously ordered to be paid by Appellee in the divorce decree, to be paid by Appellant.
 {¶ 10} "[3.] The trial court erred to the prejudice of Appellant by granting Appellee's Rule 60(B) motion that requested a reduction in the length of Appellant's COBRA coverage from three years to two years, as previously ordered in the divorce decree."
 {¶ 11} The Ohio Supreme Court set forth the standard for granting a Civ.R. 60(B) motion as follows: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The Supreme Court has made clear that the movant must meet all three criteria to be entitled to relief. A timely motion may not be granted solely because the movant has a meritorious defense. "[T]he movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ.[R.] 60(B)(1) through (5)." Id. at 151. While Civ.R. 60(B) is a remedial rule and, therefore, to be construed liberally, the trial court must bear in mind that the rule attempts to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980), 64 Ohio St.2d 243, 248, citing 11 Wright Miller, Federal Practice Procedure 140, Section 2851, quoted inDoddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
 {¶ 12} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. In re Whitman,81 Ohio St.3d 239, 242, 1998-Ohio-466, citing Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In her first assignment of error, Holt argues that Crawford was not entitled to relief under the second element of the Arc test, i.e. that Crawford was not entitled to relief under any of the grounds stated in Civ.R. 60(B)(1) through (5).
 {¶ 14} In moving for relief from judgment, Crawford relied on Civ.R. 60(B)(4) and (5) which provide, respectively, that relief may be granted where "it is no longer equitable that the judgment should have prospective application" and for "any other reason justifying relief from judgment." In its judgment entry, the trial court did not specify the specific Civ.R. 60(B) grounds on which it was granting relief from judgment.
 {¶ 15} The Ohio Supreme Court has held that Civ.R. 60(B)(4) applies "to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986),24 Ohio St.3d 141, paragraph one of the syllabus. The circumstances justifying relief, however, must occur subsequent to the entry of the judgment. Wurzelbacher v. Kroeger (1974), 40 Ohio St.2d 90, 92. Therefore, the considerable delay until the entry of a final judgment is not a circumstance that occurred after judgment, Civ.R. 60(B)(4) does not apply to Crawford's peculiar circumstances.
 {¶ 16} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)."Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id., at paragraph two of the syllabus.
 {¶ 17} Under the circumstances of the present case, the trial court was justified in granting Crawford relief under Civ.R. 60(B)(5). The trial court modified the decree of divorce in two respects to avoid the unjust operation of that judgment on Crawford. First, the court recognized the lengthy delay in filing the final decree of divorce. In September 2002, a temporary order was entered requiring Crawford to pay Holt's medical expenses. In August 2003, the magistrate decided that Holt was entitled to three years of COBRA coverage. The trial court adopted this decision in March 2004, a year and a half after the temporary order and seven months after the magistrate's decision. As Crawford points out, if he were to provide COBRA coverage for three years from March 2004, he would have provided medical coverage for Holt for four and a half years. This is a longer period of time than the marriage itself prior to the filing of a complaint for divorce. The reason for this situation is the fact that it took one year and seven months to issue the divorce decree after the complaint was filed, despite the paucity of assets in the marital estate.
 {¶ 18} Second, the trial court ordered that Holt be responsible for the waterproofing bill. In its original order, the trial court had included the waterproofing bill as part of the marital debt along with the "Discover Card, Visa Card, Mastercard and medical bills." The waterproofing bill, however, was not credit card debt, but was a bank loan. The trial court incorrectly acknowledged the waterproofing bill in the divorce decree as a second mortgage. Both Holt and Crawford filed motions for relief from judgment seeking clarification from the court on this issue. The court ruled that "it would be unjust to award [Holt] the residence and make [Crawford] pay the waterproofing bill on the residence"; therefore, the waterproofing bill "should be [Holt's] responsibility."
 {¶ 19} On this issue, the trial court granted relief from judgment and modified the divorce decree so the decree would equitably reflect the court's intentions in awarding the residence to Holt. The court did not abuse its discretion by granting this relief pursuant to Civ.R. 60(B)(5).
 {¶ 20} Holt's first assignment of error is without merit.
 {¶ 21} In her second and third assignments of error, Holt argues that the trial court was without jurisdiction to modify the terms of the divorce decree. Holt correctly notes that the division of marital property, including marital debt, is not subject to future modification by the court. R.C. 3105.171(I). Holt also argues that COBRA coverage is considered spousal support and, therefore, cannot be modified without demonstrating a change in circumstances. R.C. 3105.18(E). We disagree.
 {¶ 22} Where a party seeks relief from a judgment pursuant to Civ.R. 60(B), they do not rely upon a court's continuing jurisdiction in domestic relations matters but, rather, a court's authority under Civ.R. 60(B) to vacate its own judgment. "Civ.R. 60(B) is different from the continuing jurisdiction of a court of domestic relations * * *. Civ.R. 60(B) is a procedure for granting relief from a judgment not otherwise modifiable." McKinnon v. McKinnon (1983), 9 Ohio App.3d 220, 221
(citation omitted); accord Peach v. Peach, 8th Dist. Nos. 82414 and 82500, 2003-Ohio-5645, at ¶¶ 50-51 (citation omitted); Schaefferkoetterv. Schaefferkoetter, 2nd Dist. Nos. 02CA97 and 02CA104, 2003-Ohio-5529, at ¶¶ 23-25 (citations omitted). What the Ohio Supreme Court said in regard to Civ.R. 60(B)(4), that it is "a procedural mechanism that should be reserved for relief when parties have no substantive remedy available to them for the review of judgments," applies equally to relief granted under Civ.R. 60(B)(5). Crouser v. Crouser (1988), 39 Ohio St.3d 177, 181.
 {¶ 23} As discussed above, there are valid grounds under Civ.R. 60(B)(5) for the trial court to vacate and, then, modify its judgment. The trial court did not need to comply with the requirements for exercising its continuing jurisdiction. Holt's second and third assignments of error are without merit.
 {¶ 24} For the preceding reasons, the July 8, 2004 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, granting Crawford's motion for relief from judgment is affirmed.
Ford, P.J., concurs.
O'Toole, J., concurs in judgment only.