[Cite as *Morris v. Morris*, 2014-Ohio-734.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| JILL L. MORRIS | : | |
| | : | Appellate Case No. 2013-CA-29 |
| First Petitioner/Appellee | : | |
| | : | Trial Court Case No. 00-DM-172 |
| v. | : | |
| | : | |
| MICHAEL D. MORRIS | : | (Civil Appeal from Greene County |
| | : | Domestic Relations Court) |
| Second Petitioner/Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of February, 2014.

. . . . . . . . . . .

PHILLIP D. HOOVER, Atty. Reg. #0034386, 260 North Detroit Street, Xenia, Ohio 45385
    Attorney for First Petitioner/Appellee

ROBERT D. GOELZ, Atty. Reg. #0024197, and STEPHEN D. GREGG, Atty. Reg. #0089577,
Robert D. Goelz, LLC, 371 West First Street, Suite 100, Dayton, Ohio 45402-3012
    Attorneys for Second Petitioner/Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Second-petitioner-appellant Michael D. Morris appeals from an order of the

trial court overruling his Civ.R. 60(B)(4) motion for relief from judgment upon the ground that it

would no longer be equitable to give that judgment – specifically, the spousal support order –

prospective effect. We conclude that the trial court did not err in overruling the motion.

{¶ 2} The dissolution decree ordering spousal support did not contain a provision authorizing the trial court to modify the terms or amount of spousal support. Therefore, under R.C. 3105.18(E)(2), the trial court was without jurisdiction to modify the award, and the trial court did not err in overruling Mr. Morris's motion for relief from that part of the order.

{¶ 3} The trial court did abuse its discretion in overruling that part of the motion for relief from judgment addressed to the order that Mr. Morris maintain health and hospitalization insurance for first-petitioner-appellee Ms. Morris. The trial court gave inadequate consideration to Mr. Morris's argument that it would no longer be equitable to give that part of the order prospective effect. The trial court also provided no reasoning for its conclusion that the motion was not filed within a reasonable time.

{¶ 4} That part of the order overruling Mr. Morris's motion for relief from the award of spousal support is Affirmed. That part of the order overruling Mr. Morris's motion for relief from the order that he maintain health and hospitalization insurance for Ms. Morris is Reversed, and this cause is Remanded for further proceedings with respect to that part of Mr. Morris's motion.

## I. The Course of Proceedings

{¶ 5} Michael Morris and first-petitioner-appellee Jill L. Morris, who had been married fifteen years, obtained the dissolution of their marriage in 2000. Ms. Morris was represented by counsel; Mr. Morris chose to go unrepresented. Item six of the separation agreement incorporated in the decree of dissolution provided, in pertinent part, as follows:

The parties agree that the Husband shall pay as and for spousal support the sum of $1,300 a month for her lifetime. Said spousal support shall commence with the month a final decree is rendered herein and continue for until [sic] the Wife dies or the Husband dies, whichever event occurs first. The Court shall not have continuing jurisdiction on this subject. For income tax purposes, the Husband shall NOT claim this spousal support as support but treat it as property settlement and the Husband shall pay all the taxes on same.

       \* \* \*

**{¶ 6}** The decree also included a provision that Mr. Morris "shall maintain health and hospitalization insurance for [Ms. Morris], for the remainder of her life since she has preexisting medical concerns."

**{¶ 7}** At the time of the dissolution, Mr. Morris was employed in his family's business, with an annual gross income of $96,000.

**{¶ 8}** In 2001, almost a year after the dissolution decree, Mr. Morris moved for relief from judgment. That motion had three branches, two of which are not relevant to this appeal. In the third branch, Mr. Morris sought vacation of the part of the dissolution decree pertaining to the spousal support order. His sole argument in support of that branch of his motion was that:

The parties were married on April 20, 1985. The parties' Separation Agreement calls for lifetime, non-deductible, spousal support based on a fifteen year marriage!

Once again, the Second Petitioner says that he was not represented in these proceedings; that said provision is the result of overreaching on the part of the

First Petitioner and her counsel; and is inequitable if not illegal and/or against public policy. (Exclamation mark in original.)

{¶ 9} The trial court overruled the 2001 motion for relief from judgment, holding as to the spousal support branch:

Regarding the spousal support, jurisdiction was not retained, as to the amount or the duration. The petitioner stated he agreed to the terms of the spousal support and had four weeks to seek legal advice but choose [sic] not too [sic].

{¶ 10} In 2012, Ms. Morris moved to hold Mr. Morris in contempt, based on his failure to pay ordered support, and Mr. Morris then filed the motion for relief from judgment that is the subject of this appeal. An evidentiary hearing was held before the magistrate, but at the outset of that hearing the parties agreed that only the contempt motion would be the subject of the hearing, with the motion for relief from the judgment being submitted to the court on the motion and memoranda of the parties.

{¶ 11} In his motion for relief from judgment and supporting memorandum, Mr. Morris did not address the issue of the timeliness of the motion, but argued, essentially, that his economic situation had suffered such a severe reversal from the time of the decree that he no longer had the ability to pay the ordered support, or to maintain the health hospitalization insurance as ordered, and it would be inequitable to continue the order in effect.

{¶ 12} Ms. Morris moved to dismiss the motion, and also sought attorneys fees for frivolous conduct. In her motion and memorandum, she, also, did not address the issue of the timeliness of the motion. She argued that res judicata barred relief, since Mr. Morris was raising

the same issue he raised in 2001, and that because the trial court did not retain continuing jurisdiction over the issue of spousal support, relief was unavailable under Civ.R. 60(B).

{¶ 13}   In his response, Mr. Morris argued that his motion, being based on a different issue – that it was no longer equitable to give the judgment prospective effect – was not barred by res judicata.   He also argued that the fact that a trial court has not retained continuing jurisdiction to modify its judgment does not prevent it from granting relief from the judgment under Civ.R. 60(B), assuming that a proper ground for relief under the Rule is found.   Again, the issue of the timeliness of the motion was not addressed.

{¶ 14}   In her decision, the magistrate first found that the issue Mr. Morris raised in his 2012 motion for relief from judgment was different from the issue he raised in his 2001 motion, that it was therefore not barred by res judicata, and that it was not frivolous.   The magistrate then concluded that relief from judgment was not available under Civ.R. 60(B) because no continuing jurisdiction to modify the spousal support order was reserved in the decree:

> Pursuant to the Final Decree of Dissolution, there is no jurisdiction reserved for modification of support.   The wording in the entire provision is clear and unambiguous, and both parties agreed to the terms therein as part of their entire settlement of the pending issues.   The issue of lack of representation was already addressed in this court's 2001 Judgment Entry on the previous *60(B)* motion.   Moreover, the agreement was filed nearly (12) years prior to the filing of the motion herein.

> Therefore, the Magistrate finds that there is no basis for relief from judgment pursuant to *Civil Rule 60 (B)(4) or (5)* as it would be inequitable to

rewrite or revisit the terms of the parties' Final Judgment Entry and Decree of Dissolution and Plaintiff does not present a meritorious claim. Moreover, the motion was not timely filed as the decree was nearly twelve years old at the time of filing the motion herein. (Italics in original).

{¶ 15} The magistrate did not offer any reason why it would be inequitable to revisit the spousal support issue beyond the fact that the dissolution decree did not reserve continuing jurisdiction to modify spousal support. The magistrate also did not address the issue of whether the motion was filed within a reasonable time, other than noting that it had been filed twelve years after the decree.

{¶ 16} Mr. Morris objected to the magistrate's decision. Mr. Morris primarily objected to the magistrate's conclusion that the fact that continuing jurisdiction to modify spousal support was not reserved in the decree barred relief under Civ.R. 60(B)(4). He also objected to the magistrate's conclusory determination that the motion was not timely filed:

> Further, the mere passage of time does not preclude the filing of Second Petitioner's Motion as there is no specific period of time set forth for the filing of such a motion in Civil Rule 60(B)(4) or (5).

{¶ 17} In supplemental objections, Mr. Morris expanded on his argument that it would be inequitable to give the spousal support order prospective effect, in view of the deterioration of his economic situation, resulting in a Chapter 13 bankruptcy, the loss of his home in foreclosure, and the liquidation of all of his assets. Ms. Morris did not respond to Mr. Morris's objections and supplemental objections.

{¶ 18} The trial court overruled Mr. Morris's objections, and adopted the decision of the

magistrate overruling Mr. Morris's motion for relief from judgment. The trial court did not address the timeliness of the motion, beyond simply noting that it had been filed twelve years after the decree.

{¶ 19} The trial court distinguished *Schaefferkoetter v. Schaefferkoetter*, 2d Dist. Greene No. 02CA97, 2003-Ohio-5529, a case Mr. Morris had cited for the proposition that an otherwise non-modifiable provision in a divorce decree dividing marital property may properly be the subject of a Civ.R. 60(B) motion for relief from judgment.

{¶ 20} The trial court concluded its analysis with: "The Magistrate considered the current status of both parties and concluded a modification would not be equitable. The Court agrees." The trial court did not provide any reason for its conclusion that relief under Civ.R. 60(B)(4) would not be equitable beyond the fact that the dissolution decree did not reserve continuing jurisdiction to modify spousal support and the trial court's observation that "a future loss of income is always foreseeable," citing *Barnes v. Barnes*, 5th Dist. Stark No. 2003CA00383, 2005-Ohio-544. The trial court also noted that Mr. Morris has few expenses, because he is sharing living expenses with a former wife (not the first petitioner in this case).

{¶ 21} From the order overruling his motion for relief from judgment, Mr. Morris appeals. His sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT MICHAEL RELIEF FROM JUDGMENT (I.E., THE SPOUSAL SUPPORT OBLIGATION AND THE REQUIREMENT THAT MIKE PAY FOR JILL'S MEDICAL INSURANCE FOR THE REST OF HER LIFE).

**II.  Because the Trial Court Was Without Jurisdiction to Modify the**

**Spousal Support Order in the Dissolution Decree, the Trial Court Did Not Err**

**in Overruling Mr. Morris's Motion for Relief from the Order of Spousal Support**

{¶ 22}  "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law."  Article IV, Section 4(B), of the Ohio Constitution.

{¶ 23}  With respect to a dissolution decree, like the one in the case before us, that is entered on or after January 1, 1991, the Ohio General Assembly has determined, in R.C. 3105.18(E), that:

> * * * the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
>
> (1) * * *.
>
> (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 24}  Mr. Morris seeks to modify the award of spousal support in the dissolution decree by using Civ.R. 60(B)(4), which provides that relief from a judgment may be granted when it would no longer be equitable to give the judgment prospective effect.  In our view, Mr. Morris makes a compelling argument for the proposition that it is no longer equitable to give the

spousal support award in this case prospective effect, in view of his reduced earning ability and the liquidation of his assets.  We conclude, reluctantly, that relief is not available to him under the Rule.

{¶ 25}  A procedural rule may not abridge, enlarge, or modify any substantive right. Article IV, Section 5(B) of the Ohio Constitution.  Modification of a periodic alimony award, indistinguishable from the award of spousal support in this case, has been held to fall "within that body of law denominated as substantive."  *Crouser v. Crouser*, 39 Ohio St.3d 177, 178, 529 N.E.2d 1251 (1988).  Therefore, the substantive law provided in R.C. 3105.18 for spousal support awards prevails over the Ohio Rules of Civil Procedure.  *Jordan v. Jordan*, 3rd Dist. Hancock No. 5-05-24, 2005-Ohio-6028, ¶ 13-16; *see also Cassavore v. Cassavore*, 6th Dist. Lucas No. L-91-038, 1992 WL 95488, *2 fn. 2 (May 8, 1992).  *Accord, Daktuliak v. Daktuliak*, 5th Dist. Stark No. 1995CA00016, 1995 WL 617651 (Oct. 2, 1995).

{¶ 26}  In *Schaefferkoetter v. Schaefferkoetter*, 2d Dist. Greene No. 02CA97, 2003-Ohio-5529, ¶ 23, we held that relief from an award of spousal support may be had under Civ.R. 60(B)(4) "[e]ven when a modification of spousal support ordered in a decree of divorce is made unavailable by R.C. 3105.18(E)."  We reasoned that: "Civ.R. 60(B)(4) relief in this respect is an alternative to the modification of spousal support that R.C. 3105.18(E) otherwise involves."  *Id.*, ¶ 24.  Reluctantly, we conclude that this approach contravenes the clearly expressed intent of the General Assembly, in R.C. 3105.18(E), that a trial court shall have no jurisdiction to modify an award of spousal support except where that authority is reserved in the decree.  We may choose to characterize the change in spousal support as a vacation of a prior award and an order of spousal support different in its terms or amount, *id.*, ¶ 23, but it is no less a modification

of the spousal support previously awarded for being so characterized, and the General Assembly, in enacting R.C. 3105.18(E), has chosen to exercise its constitutional power to withdraw from the jurisdiction of the common pleas courts the power to do so. It ill becomes the judicial branch to seek to circumvent the power of another branch of government by an exercise in semantics. Accordingly, to the extent that *Schaefferkoetter* stands for the proposition that Civ.R. 60(B)(4) relief may be available from an award of spousal support even when that award is not modifiable under R.C. 3105.18(E), *Schaefferkoetter* is overruled.

{¶ 27} Mr. Morris cites *McKinnon v. McKinnon*, 9 Ohio App.3d 220, 459 N.E.2d 590 (10th Dist.1983), for the proposition that relief may be had under Civ. R. 60(B)(4) from an award of spousal support even if spousal support modification is unavailable through R.C. 3105.18(E). But it appears from the sole assignment of error set forth in that appeal that jurisdiction to modify the award had been reserved in the decree in that case. *Id.*, at 220-221.

{¶ 28} The result of our conclusion that relief under Civ.R. 60(B)(4) is unavailable where R.C. 3105.18(E) withdraws from the trial court the jurisdiction to modify spousal support is unquestionably harsh in this case. But the result is a consequence of the clear intent of the Ohio General Assembly, in enacting R.C. 3105.18(E), to limit the jurisdiction of the trial courts in this manner. To the extent that R.C. 3105.18(E) produces harsh results, relief must be sought in the legislative arena.

{¶ 29} That part of Mr. Morris's assignment of error pertaining to the overruling of his motion for relief from the order of spousal support is overruled.

**III. The Trial Court's Denial of Mr. Morris's Motion for Relief from the Order to**

**Maintain Health and Hospitalization Insurance, Being Based on an Error of Law and a**

**Deficient Analysis of the Issue of Timeliness, Is an Abuse of Discretion**

**A. R.C. 3105.18(E) Does Not Bar Relief from the Order to Maintain Insurance**

{¶ 30} The decision of the trial court to deny Mr. Morris's motion for relief from the order, in the dissolution decree, that he must maintain health and hospitalization insurance for the remainder of Ms. Morris's life is based primarily upon its conclusion that relief from that part of the decree is barred by R.C. 3105.18(E)(2):

> If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
>
> (1) * * * .
>
> (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 31}  The provision in the dissolution decree ordering Mr. Morris to maintain health and hospitalization insurance for Ms. Morris is found in a separate part of the decree, not in the part ordering the payment of spousal support, and is not a continuing order for periodic payments of money as spousal support.  Therefore, R.C. 3105.18(E) has no application to the health and hospitalization insurance provision, and the trial court erred when it concluded that it had no power to grant relief from that provision under Civ.R. 60(B)(4).

{¶ 32}  The fact that a litigant agreed to a health and hospitalization insurance provision in a dissolution decree, perhaps in consideration for other provisions in the decree that are favorable to that litigant, is a factor, and an important factor, that a trial court should consider in determining whether it would no longer be equitable to give those provisions prospective effect. But in our view, it is not dispositive.  In extreme cases, where a party, through no fault of that party, has lost the ability to comply with a health and hospitalization insurance provision, not just temporarily, but for the foreseeable future, and not just based upon current income, but also considering that party's capital assets, it may no longer be equitable to subject that party to continuing, and seemingly fruitless, contempt proceedings.

**B.   The Trial Court Has Not Provided a Sound Reasoning Process for Finding that the Motion for Relief from Judgment Was Not Filed within a Reasonable Time**

{¶ 33}  Ms. Morris argues that the order of the trial court overruling the motion for relief from judgment must be affirmed because the motion was not timely filed.  Civ.R. 60(B) provides that a motion for relief under the Rule "shall be made within a reasonable time, and for reasons (1),(2) and (3) not more than one year after the judgment, order or proceeding was

entered or taken." The one-year limitation does not apply in this case, since Mr. Morris sought relief under Civ.R. 60(B)(4) and (5). But the motion must still be filed within a reasonable time.

{¶ 34} The determination of whether a motion for relief from judgment under Civ.R. 60(B)(4) has been filed within a reasonable time necessarily involves consideration of the facts and circumstances of the particular case. Otherwise, a specific period of time would have been prescribed. In the case before us, the issue of whether Mr. Morris filed his motion for relief from the judgment upon the ground that it is no longer equitable to give the judgment prospective relief would involve, at a minimum, an analysis of when that ground arose. Mr. Morris asserts that in addition to the huge reduction in his earning ability, he has had to liquidate assets, which might otherwise have been available to pay the ordered spousal support.

{¶ 35} Neither the magistrate nor the trial court has provided us with any analysis of whether the motion was filed within a reasonable time. No reasoning is apparent in either decision to support the conclusion that the motion was not timely filed.[1] Because both the magistrate and the trial court merely referred to the fact that the motion was filed twelve years after the dissolution decree, an implication arises that both the magistrate and the trial court found this fact to be conclusive. But it is not. For example, a motion for relief from judgment upon the ground that the judgment has been satisfied, released, or discharged would hardly be time-barred merely because it was filed twelve years after the judgment, if the facts indicating that the judgment was satisfied, released, or discharged were of recent vintage.

{¶ 36} A decision is unreasonable, and hence an abuse of discretion, if there is no sound

---

[1] Indeed, the trial court never actually states, in its decision overruling Mr. Morris's objections, that his motion was not timely filed.

reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). We conclude that the trial court's conclusion that Mr. Morris's motion for relief from judgment was not timely filed cannot be found from this record to be supported by a sound reasoning process.

{¶ 37}   That part of Mr. Morris's assignment of error pertaining to the overruling of his motion for relief from the order to maintain health and hospitalization insurance is sustained.

## IV.   This Appeal Is Not Frivolous

{¶ 38}   Ms. Morris has moved for attorneys fees under App.R. 23, upon the ground that this appeal is frivolous.   In Part III, above, we have sustained Mr. Morris's sole assignment of error in part.   We conclude that this appeal is not frivolous, and we overrule the motion for attorneys fees.

{¶ 39}   In this connection, we are compelled to point out that in her brief, Ms. Morris has been somewhat disingenuous in two different respects.   At page 12 of her brief, she asserts that: "In this matter, presently before this Court, the Appellant litigated exactly the same issue in a Motion for Relief from Judgment filed in the trial court September 18, 2001."   As the magistrate pointed out in her decision, this is not true.   Mr. Morris's 2001 motion for relief from judgment, in that part addressed to spousal support, did not assert that it was no longer equitable to give the judgment prospective effect; it asserted:

> Once again, the Second Petitioner says that he was not represented in these proceedings; that said provision is the result of overreaching on the part of the First Petitioner and her counsel; and is inequitable if not illegal and/or against

public policy.

**{¶ 40}** This is hardly the "exact same issue" Mr. Morris is now raising under Civ.R. 60(B)(4), yet, despite the fact that the magistrate pointed this out in her opinion, Ms. Morris continues to assert this in her brief in this appeal

**{¶ 41}** Second, and more disturbing, Ms. Morris at page 7 of her brief quotes and analyzes Civ.R. 60(B)(4) as follows:

As set forth above, for a 60(B)(4) Motion, the requirement is that "the judgment has been satisfied, released or discharged." At no time in [Mr. Morris's] argument did he ever provide information, testimony or evidence that ever showed or established that the current spousal support order amount (or judgment), now over $130,000.00 in arrearages, has been "satisfied, released or discharged." *So, that only leaves Civil Rule 60(B)(5) as a potential legal argument for [Mr. Morris] to argue before this Court to attempt to obtain relief from judgment*. (Emphasis added.)

**{¶ 42}** Civ. R. 60(B)(4) provides, as the final ground for relief under that sub-division: "or it is no longer equitable that the judgment should have prospective application." This is the particular ground upon which Mr. Morris, in fact, sought relief, yet Ms. Morris, in her brief, omits it not only from her analysis, but also from her quotation of the Rule.

**{¶ 43}** If a party in this appeal has advanced a frivolous argument, it has not been Mr. Morris.

**V. Conclusion**

**{¶ 44}** Mr. Morris's sole assignment of error having been sustained in part, the order of the trial court overruling Mr. Morris's motion for relief from the order to pay spousal support is Affirmed, the order of the trial court overruling Mr. Morris's motion for relief from the order to maintain health and hospitalization insurance is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Phillip D. Hoover
Robert D. Goelz
Stephen D. Gregg
Hon. Steven L. Hurley