[Cite as *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 2014-Ohio-1747.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| The Home Savings and Loan Company of Youngstown, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-777 |
| v. | | (C.P.C. No. 09CVE 9 14464) |
| | : | |
| Avery Place, LLC, c/o James J. Moro, Statutory Agent, | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants, | : | |
| Dispatch Printing Company et al., | : | |
| Defendants-Appellees. | : | |
| The Home Savings and Loan Company of Youngstown, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 13AP-778 |
| | : | (C.P.C. No. 10CVE 8 11601) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| James J. Moro, | : | |
| Defendant-Appellant, | : | |
| Jane Doe, unknown spouse, if any, of James J. Moro et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 24, 2014

*Richard L. Goodman Co. L.P.A.*, and *Richard L. Goodman*, for appellant Avery Place, LLC.

*James J. Moro*, pro se.

*Bricker & Eckler LLP, Anthony M. Sharett*, and *Kenneth C. Johnson*, for appellee Navy Portfolio, LLC.

APPEALS from the Franklin County Court of Common Pleas.

BROWN, J.

{¶1} James J. Moro ("Moro") and Avery Place, LLC ("Avery"), defendants-appellants, appeal the judgment of the Franklin County Court of Common Pleas, in which the court denied their motion for relief from judgment pursuant to Civ.R. 60(B). Navy Portfolio, LLC, plaintiff-appellee, has filed a motion to dismiss Avery as a party for failure to file a brief.

{¶2} Avery owns a condominium development named Avery Place. Avery is a limited liability company with Moro as its sole member. Moro owns two of the condominium units in Avery Place. Home Savings & Loan Company of Youngstown, Ohio ("Home Savings") made loans to both Avery and Moro secured by mortgages on the real property at Avery Place. On September 25, 2009, Home Savings filed a complaint in foreclosure against Avery. On August 6, 2010, Home Savings filed a complaint in foreclosure against Moro. The cases were subsequently consolidated.

{¶3} Home Savings filed summary judgment motions against both Avery and Moro. On December 2, 2011, the trial court granted Home Saving's motions for summary judgment. Avery and Moro appealed the decision to this court, and in *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 10th Dist. No. 11AP-1152, 2012-Ohio-6255 ("*Avery Place I*"), this court affirmed the trial court's decision. On November 16, 2012, appellee was substituted in the trial court as plaintiff for Home Savings.

{¶4} On May 11, 2013, Moro and Avery filed a Civ.R. 60(B) motion for relief from judgment, which was based upon affidavits that were filed in related Florida proceedings involving Moro, Avery Place, and Home Savings. On August 12, 2013, the trial court issued a decision and entry denying Moro and Avery's motion for relief from judgment,

finding that it was without jurisdiction to hear the motion because there was nothing pending before the court to allow it to grant relief from judgment. Therefore, the trial court determined that the motion should be "stricken." Avery and Moro appealed the judgment of the trial court.

{¶5} After briefs were filed, appellee filed a motion to dismiss Avery's appeal. In its motion to dismiss, appellee argued that Avery did not file an appellate brief, and that Moro is not permitted to file a brief on behalf of a limited liability company; thus, Avery's appeal should be dismissed. Moro responded to appellee's motion to dismiss by arguing that, because Avery has been dissolved and is no longer a limited liability company, and Moro was the sole shareholder of Avery, Moro was entitled to file the initial brief on Avery's behalf. However, on February 20, 2014, we filed a journal entry that granted Avery's motion to permit the re-filing of the merit and reply briefs with Avery's counsel properly noted thereon. Given our February 20, 2014 entry allowing Avery's counsel to be properly noted on the pleadings, we find appellee's motion to dismiss is now moot.

{¶6} In their brief, Moro and Avery (hereafter collectively "appellants") assert the following assignment of error:

> The trial court erred when it determined that it was without jurisdiction to hear Defendant's Motion for Relief from Judgment.

{¶7} Appellants argue in their assignment of error that the trial court erred in denying their motion for relief from judgment pursuant to Civ.R. 60(B). Civ.R. 60(B) provides that a trial court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

The rule requires the motion to be made "within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶8} To prevail under Civ.R. 60(B), the movant must show that: (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶9} In the present case, the trial court found that it was without jurisdiction to hear appellants' motion and, as such, there was nothing pending before the court to allow it to grant relief from judgment. Appellants argue that the trial court erred when it determined that it had no jurisdiction. Although the underlying basis of the trial court's decision is not clear, it appears that the trial court reasoned that, because it issued a foreclosure decree, and this court affirmed the decree in *Avery Place I*, the issue was no longer pending before the court.

{¶10} Notwithstanding the trial court's unclear basis for having the motion "stricken," we find there is another reason to affirm the judgment of the trial court. An appellate court must affirm a trial court's judgment if there are any valid grounds to support it. *See Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990) (noting an appellate court must affirm the judgment on review if that judgment is legally correct on other grounds, as any error is not prejudicial in view of the correct judgment the trial

court reached). Although the trial court here found that it had nothing pending before it to allow it to grant a motion for relief from judgment, we find, instead, that the motion for relief from judgment should have been denied as being untimely filed. Although appellants did not identify in their motion upon which Civ.R. 60(B) ground they were basing it, it appeared to be based upon Civ.R. 60(B)(2), newly discovered evidence. In their motion, appellants argued that Moro had "recently discovered that [Home Savings], in the course of its filing notices of recording of a foreign judgment in the State of Florida, filed on the same day, September 4, 2009, in two different Circuit Courts, two (2) affidavits of Stan Foraker, Senior Vice President of Plaintiff, which were contradictory, and therefore constituted 'robo-signing', and, as such, constitutes an invalid affidavit." The alleged contradiction was that each affidavit listed a different address for Moro.

{¶11}  As noted above, a motion filed, pursuant to Civ.R. 60(B)(2), must be made within a reasonable time but not more than one year after the judgment. In their reply appellate brief, appellants deny that their motion was based upon Civ.R. 60(B)(2) and suggest that it was filed, pursuant to Civ.R. 60(B)(5), which does not have the one-year limit and must only be made within a reasonable time.  Although there exists some dispute as to whether the intervening appeal in *Avery Place I* should toll the one-year period for filing under Civ.R. 60(B)(2), the pendency of an appeal does not affect the reasonable time requirement under Civ.R. 60(B).  *See Stuller v. Price*, 10th Dist. No. 02AP-29, 2003-Ohio-583. Therefore, in the present cases, regardless of under which ground appellants meant to file their motion, they still must have done so within a reasonable time.

{¶12}  The determination of whether a motion for relief from judgment under Civ.R. 60(B) has been filed within a reasonable time necessarily involves consideration of the facts and circumstances of the particular case. *Morris v. Morris*, 2d Dist. No. 2013-CA-29, 2014-Ohio-734, ¶ 34. The determination of what constitutes a reasonable time is within the sound discretion of the trial court. *In re Guardianship of Brunstetter*, 11th Dist. No. 2002-T-0008, 2002-Ohio-6940, ¶ 14, citing *Shell v. Cryer*, 11th Dist. No. 2001-L-083, 2002-Ohio-848. A movant must offer some operative facts or evidentiary material demonstrating the timeliness of his or her motion.  *Id.*

{¶13} Here, appellants failed to present operative facts to demonstrate that they filed their motion for relief from judgment within a reasonable time. The judgment from which appellants seek relief was entered by the trial court on December 2, 2011. Appellants filed their motion for relief from judgment on May 11, 2013. In their motion for relief from judgment, appellants stated that Moro "recently discovered" the affidavits filed in the Florida proceedings. Appellants did not further explain when Moro discovered the affidavits. Importantly, the affidavits were filed on September 4, 2009, and appellants do not explain why Moro could not have discovered them sooner, given Moro and Avery were parties to the Florida proceedings. Given the circumstances, Moro should have been well aware of the affidavits long in advance of the trial court's final judgment in this case. However, appellants did not file the motion for relief from judgment until 17 months after the trial court's decision and five months after this court issued *Avery Place I*. Therefore, we find appellants' motion for relief from judgment filed 17 months after the final judgment was not made within a reasonable time. For these reasons, based on the facts of this case, we conclude the trial court properly denied appellants' motion for relief from judgment, albeit for a different reason than that relied upon by the trial court. Appellants' assignment of error is overruled.

{¶14} Accordingly, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. Furthermore, appellee's motion to dismiss Avery as a party to the appeal is moot.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____